823 So.2d 875 (2002)
Stephen Bruce ACKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1417.
District Court of Appeal of Florida, Second District.
August 23, 2002.
James Marion Moorman, Public Defender, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., *876 Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
On this appeal, Stephen Acker challenges a judgment and sentence imposed after the revocation of his probation. Acker raises several issues on appeal. However, because we find merit in only one of the issues raised, we need not address the remaining issues.
Acker was charged with one count of failure of a sex offender to report his status as required by section 943.0435, Florida Statutes (1999). He was adjudicated guilty and placed on probation for thirty-six months. An affidavit of violation of probation was filed on January 19, 2001, and a hearing was held on February 6, 2001. During the hearing, Acker's testimony conflicted with his probation officer's testimony. The trial court apparently found the probation officer's testimony credible. Thus, the trial court orally revoked Acker's probation, based upon a willful and substantial violation.
A written order revoking Acker's probation was not rendered until November 8, 2001. Significantly, this order was not signed by the judge who presided over the violation of probation hearing. Thus, the judge who signed the revocation order did not hear and evaluate the conflicting testimony upon which the aforementioned credibility determination was based. The record does not indicate why a successor judge entered the order.
A trial judge is charged with evaluating the credibility of witnesses. Gammon v. State, 778 So.2d 390, 392 (Fla. 2d DCA 2001); see also Davis v. State, 796 So.2d 1222, 1226 (Fla. 4th DCA 2001). However, in this case, the judge who entered the revocation order did not hear the testimony of the witnesses nor could she evaluate their credibility. This was improper. See Campbell v. State, 622 So.2d 603, 603 (Fla. 2d DCA 1993).
We therefore reverse and remand this case for the judge who presided over the violation of probation hearing to enter an appropriate written order.
BLUE, C.J., and DAVIS, J., Concur.