PER CURIAM.
Nelson Martinez seeks reversal of an order of revocation of probation because it was signed by a judge other than the one who presided at the probation violation hearing. We affirm.
The written order conforms exactly with the oral findings of the presiding judge and the sentence imposed by him. See Peeples v. State, 831 So.2d 365 (Fla. 3d DCA 1976). The written order thus does not prejudice Martinez. Id. at 366. We distinguish this case from Acker v. State, 823 So.2d 875 (Fla. 2d DCA 2002) because Acker does not state whether the judge who presided at the revocation hearing orally revoked probation and imposed a sentence.
However, the State properly concedes that Martinez’s sentence for grand theft exceeded the statutorily permissible maximum. We agree and therefore reverse Martinez’s sentence on that count only and remand for resentencing. See Akins v. State, 816 So.2d 735 (Fla. 3d DCA 2002).
Affirmed in part, reversed in part and remanded.