950 So.2d 440 (2007)
Charles E. FRATELLO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4622.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
Rehearing Denied March 28, 2007.
*441 Charles G. White of Charles G. White, P.A., Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Charles E. Fratello appeals the trial court order which denied his motion for post conviction relief following an evidentiary hearing.[1] Fratello's conviction and sentence were affirmed on appeal in Fratello v. State, 496 So.2d 903 (Fla. 4th DCA 1986).
In his motion for post conviction relief, he challenged his conviction and sentence to life in prison for first degree murder, alleging multiple and overlapping claims of ineffective assistance of trial counsel. In particular, his claims included allegations of ineffective assistance for allowing Fratello to participate at trial while under the influence of medications, for proceeding while counsel was ill, for failure to inform him of all plea offers by the State, for raising but later abandoning objections during trial, for failure to pursue legal arguments at trial, and for failure to adequately prepare for trial and locate all possible witnesses. In an addendum to this motion, Fratello added to those claims, including allegations that trial counsel was grossly unfamiliar with state and federal law, the law on discovery violations, rules on impeachment of witnesses, procedures on closing, jury instruction, and other matters.
The trial court held an evidentiary hearing on his motion for post conviction relief in May 1990. Defense counsel did not testify at that hearing, but the parties stipulated to the introduction of his deposition. Other witnesses did testify, including the legal assistant to defense counsel, his private investigator and appellant Fratello himself. Broward Circuit Court Judge Patti Englander Henning presided, but did not rule in the case after the hearing concluded.
Instead, the case was transferred to successor Judge Barry Goldstein, who also did not rule. In December 1997, Fratello retained new counsel and filed a second addendum and supplement to his motion for post conviction relief. The latter pleadings were denied after a State response arguing untimeliness, among other points. At a hearing before Judge Goldstein, the State argued for dismissal of the cause on the grounds of laches or lack of *442 prosecution. Those arguments were rejected and dismissal denied. At that hearing, Judge Goldstein offered to consult with the original presiding judge, Judge Henning, to determine if she recalled the case such that she could rule on the post conviction claims. Apparently she did not.
The case was later transferred to Judge Alfred J. Horowitz, the judge then presiding in the division in which the case was originally heard. Fratello moved for a new evidentiary hearing in June 2003. Judge Horowitz entered an order denying the motion for post conviction relief without evidentiary hearing in October 2003.
We affirm the trial court's decision to deny the second addendum and supplement to the rule 3.850 motion filed in 1997. Fratello's conviction and sentence became final in this case in 1986 after his appeal. His attempt to amend in 1997 was well beyond the two-year limitations period in Florida Rule of Criminal Procedure 3.850(b), with no basis for an exemption shown. See Gaskin v. State, 737 So.2d 509 (Fla.1999).
Nonetheless, we reverse the trial court's order denying post conviction relief on the motion as filed and timely amended because the successor judge who ruled in this case did so on a cold record without hearing the actual testimony of the key witnesses, including appellant, his defense counsel's legal assistant, and a private investigator for the defense. Ordinarily, a trial judge is not permitted to rule on a matter based on the credibility of witnesses which the judge has not heard, absent a stipulation of the parties. See, e.g., Acker v. State, 823 So.2d 875 (Fla. 2d DCA 2002) (holding that successor judge who did not hear witness testimony or rule on credibility could not sign written order revoking probation); Hartney v. Piedmont Tech., Inc., 814 So.2d 1217 (Fla. 1st DCA 2002) (holding that successor judge who did not preside at trial or hear evidence could not enter final judgment). See also E.J. v. Dep't. of Children and Families, 795 So.2d 1131 (Fla. 5th DCA 2001); Tompkins Land and Hous., Inc. v. White, 431 So.2d 259, 260 (Fla. 2d DCA 1983). There was no stipulation here.
We reject the argument that Fratello waived his right to have the judge hear the witnesses, or that he invited trial court error in this case by filing a motion asking that his case be transferred to another judge after the evidentiary hearing. Fratello filed that motion because Judge Henning had been transferred from the criminal division of the circuit court to the civil division after she had presided at his rule 3.850 evidentiary hearing but before she ruled. Fratello was seeking a ruling in his case, but nothing in that motion suggested that he intended to waive the right to have the judge who ruled on his claims and the credibility issues do so only after having heard those witnesses.
Therefore, we reverse the trial court's order of denial and remand for an evidentiary hearing on the claims made in the motion as originally amended.
STONE, WARNER and MAY, JJ., concur.
NOTES
[1] The State filed a cross appeal in this cause, but this Court earlier granted a motion to dismiss it.