993 So.2d 996 (2007)
Timothy TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3830.
District Court of Appeal of Florida, Second District.
November 7, 2007.
*997 Geoffrey A. Foster, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
Timothy Turner filed a motion pursuant to Florida Rule of Criminal Procedure 3.850 asserting that his trial counsel was ineffective in a number of ways. Judge Susan W. Roberts ordered an evidentiary hearing on all grounds. At the conclusion of the hearing, Judge Roberts did not rule on the motion but asked Turner and the State to submit legal memoranda on the points at issue. The State filed its memorandum approximately one year later. This delay was apparently caused by the resignation of the assistant state attorney who had opposed the motion. Turner filed his memorandum shortly thereafter. Several months later, Judge J. Dale Durrance denied Turner's motion. His order did not set forth any factual findings or conclusions of law; rather the judge simply adopted the State's memorandum. We reverse and remand for further proceedings.
Turner and his trial counsel testified at the hearing. One of the issues concerned trial counsel's failure to object to the admission of a witness's prior statement. The witness was alleged to be incompetent based on diagnosed mental conditions. That witness also testified at the hearing, as did another person who had knowledge of his mental condition.
Judge Durrance entered the order denying Turner's motion, but he did not preside over the evidentiary hearing. Generally a successor judge may not rule on matters based on the credibility of witnesses that he has not heard. Acker v. State, 823 So.2d 875, 876 (Fla. 2d DCA 2002) (holding that a successor judge who did not hear the witnesses or rule on their credibility could not sign a written order revoking probation); see also Fratello v. State, 950 So.2d 440, 441 (Fla. 4th DCA 2007) (reversing order denying a rule 3.850 motion when successor judge did not preside at the evidentiary hearing and ruled based on a cold record), review denied, SC07-780, 966 So.2d 968 (Fla. Sept. 10, 2007) (table decision). The record in this case does not reveal why Judge Durrance was substituted for Judge Roberts. Nor is there any hint that Turner agreed that the successor judge could rule on his motion. Accordingly, we reverse the order denying *998 Turner's postconviction motion and remand for further proceedings.
We note two other problems with the order. First, it contains no factual findings or conclusions of law. See Fla. R. Crim. P. 3.850(d) (stating that if an evidentiary hearing is required, the court shall "make findings of fact and conclusions of law with respect thereto"); Jones v. State, 740 So.2d 520, 524 (Fla.1999) (same). While the court adopted the State's memorandum, that was not sufficient to meet its duty under the rule. Second, the order adopted a memorandum that did not address issues that the parties at the hearing agreed were part of Turner's claim. Before the evidentiary hearing, the parties stipulated that Turner's claim two, involving the admission of the trial witness's prior statement, included arguments that trial counsel was ineffective for failing to object to its admission because the witness was incompetent, because the statement contained hearsay, and because the statement was not proper impeachment evidence. All these points were addressed at the evidentiary hearing. But the State's memorandum, submitted a year after the hearing by a different assistant state attorney, spoke only to the issue of the witness's competency.
If on remand Judge Roberts is unable to rule on the motion, Turner shall receive a new evidentiary hearing before a different judge. Because so much time has passed since the original hearing, Judge Roberts may wish to hold a new hearing in any event.
Reversed and remanded for further proceedings.
SALCINES and DAVIS, JJ., Concur.