NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ANTHONY D. RIGGINS,                )
                                   )
            Appellant,             )
                                   )
v.                                 )        Case No. 2D13-3348
                                   )
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
_____)

Opinion filed July 8, 2015.

Appeal from the Circuit Court for Lee
County; Mark A. Steinbeck and Margaret O.
Steinbeck, Judges.

Anthony D. Riggins, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Tonja Rene Vickers,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Chief Judge.

            Anthony D. Riggins appeals the denial of his motion for postconviction

relief filed pursuant to Florida Rule of Criminal Procedure 3.850.  We affirm the

summary denial of claims one, two, six, seven, and eight and the denial of claims three,

four, and nine after an evidentiary hearing without discussion.  As to claim five,

however, we must reverse and remand pursuant to the requirements of Spera v. State, 971 So. 2d 754 (Fla. 2007), for the court to give Riggins an opportunity to amend this facially insufficient claim.

Riggins was charged with one count of aggravated battery with a firearm and one count of shooting at or into a dwelling based on events that occurred on January 19, 2004. At trial, Riggins presented an alibi defense, which was supported by the testimony of his girlfriend at the time, her daughter, and the daughter's friend. After a thorough colloquy with the trial court, Riggins elected not to testify in his own defense. He was subsequently convicted as charged.

In claim five of his motion for postconviction relief, Riggins alleged that he received ineffective assistance of counsel because his trial counsel failed to properly advise him concerning his right to testify and thus his decision not to testify was not made knowingly, intelligently, and voluntarily. The postconviction court denied this claim as facially insufficient, noting that Riggins had failed to establish prejudice since his alibi defense was presented through the testimony of other witnesses. The court also found that Riggins had waived this claim by electing not to testify at trial. Riggins now appeals the denial of this claim, asserting that he should have been given leave to amend under Spera.

Looking first at the waiver issue, we note that the postconviction court's finding on this issue reflects confusion concerning what rights Riggins may have waived when he chose not to testify at trial. Undoubtedly, when a defendant does not assert his right to take the stand and testify at trial, the defendant may have validly waived his right to testify. See Cutter v. State, 460 So. 2d 538, 539 (Fla. 2d DCA 1984). However,

the waiver of the right to testify at trial will not, ipso facto, waive a defendant's claim that he was improperly advised by counsel concerning that right. Instead, a defendant who elects not to testify at trial may still state a facially sufficient claim of ineffective assistance of counsel if the defendant can allege and prove "that trial counsel's preparation for his testimony was deficient such that it deprived [the defendant] of the ability to choose whether to testify on his own behalf and that this deficiency prejudiced [the defendant.]" Beasley v. State, 18 So. 3d 473, 496 (Fla. 2009). In short, a defendant's decision not to testify at trial does not, as a matter of law, waive a later claim that his trial counsel improperly advised him concerning the contours of that right during trial preparation to the extent that the waiver of that right was not knowing, intelligent, and voluntary.

Here, while Riggins clearly waived his right to testify at trial, that act, standing alone, did not waive his right to later claim that he was not properly advised by his trial counsel concerning his right to testify or the ramifications of that decision on his defense. The postconviction court's conclusion otherwise is legally incorrect. Therefore, the denial of this claim on this basis cannot stand.

Turning to the postconviction court's alternate basis for denial—that Riggins was not prejudiced because his testimony would have been cumulative—we must disagree for two reasons. First, regardless of whether a defendant has presented other evidence in support of his theory of defense, the defendant has the absolute right to testify in his own defense. The trial court simply cannot preclude the defendant from exercising his right to testify on the grounds that any such testimony would be cumulative. Therefore, this rationale cannot support the postconviction court's ruling.

Second, a defendant's testimony cannot be "cumulative" because the impact of a defendant's own testimony is qualitatively different from the testimony of any other witness—even a witness as aligned with the defendant as his girlfriend. In the minds of the jurors, the defendant's testimony would not be "cumulative" of that of any other witness. Cf. Solorzano v. State, 25 So. 3d 19, 25 (Fla. 2d DCA 2009) (noting that it may be error to exclude otherwise cumulative evidence when the evidence is offered from a source that " 'differ[s] in quality and substance' from that of the other witnesses" (quoting Valle v. State, 502 So. 2d 1225, 1226 (Fla. 1987))). While the trial court may have discretion to limit the number of other witnesses a defendant may call to present cumulative evidence, the defendant's own testimony simply is not "cumulative" to that of any other witness because of its different effect on the jury. Therefore, this rationale cannot be the basis for denying postconviction relief.

Nevertheless, our review of the allegations of claim five shows that this claim was facially insufficient. Claim five contained a bare bones allegation that Riggins' trial counsel did not discuss with him the question of whether he should testify. While the claim also included Riggins' summary of what his testimony would have been and alleged how he was prejudiced by his failure to testify, Riggins did not include any allegations as to how trial counsel deprived him of the ability to choose whether to testify on his own behalf. Hence, this claim was facially insufficient. But rather than deny this facially insufficient claim outright, the postconviction court was required "to allow the defendant at least one opportunity to amend the motion." Spera, 971 So. 2d at 761. As a result, the postconviction court here should have stricken claim five and

provided Riggins with an opportunity to amend that claim if he could do so in good faith. Its failure to do so was an abuse of discretion.

Accordingly, we reverse the summary denial of claim five of Riggins' motion and remand for the court to provide Riggins leave to amend this single claim within sixty days pursuant to rule 3.850(f)(2) if he can do so in good faith. In all other respects, we affirm.

Affirmed in part, reversed in part, and remanded with directions.

CRENSHAW and BLACK, JJ., Concur.