IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

COREY REYNOLDS,

        Appellant,

 v.                                    Case No.  5D17-407

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed September 29, 2017

3.850 Appeal from the Circuit Court
for Volusia County,
Raul A. Zambrano, Judge.

D. Gray Thomas, of Law Office of D. Gray
Thomas, P.A., Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bonnie Jean Parrish,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Appellant, Corey Reynolds, appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion alleging ineffective assistance of counsel. Appellant alleges that his counsel was ineffective for failing to pursue an involuntary intoxication defense, and that counsel incorrectly believed that an involuntary intoxication defense was unavailable to Appellant. In summarily denying the motion, the trial court reasoned

that "[c]ounsel made a reasonable strategic decision to present a theory of defense based on the accidental discharge of a firearm."

Generally, a trial court may not summarily deny a rule 3.850 motion on the ground that trial counsel made a reasonable tactical decision, unless "it is so obvious from the face of the record that trial counsel's strategy not to present a voluntary intoxication defense is very clearly a tactical decision well within the discretion of counsel." *Hannon v. State*, 941 So. 2d 1109, 1138 (Fla. 2006). Based on this record alone, however, we cannot conclude that "it is so obvious . . . that trial counsel's strategy . . . is very clearly a tactical decision well within the discretion of counsel." *Id.* This is especially so given Appellant's allegation that counsel was operating under the mistaken assumption that an involuntary intoxication defense was unavailable to Appellant. We therefore reverse and remand for an evidentiary hearing.

REVERSED and REMANDED for Evidentiary Hearing.

EVANDER, WALLIS, and EISNAUGLE JJ., concur.