WALLIS, J.
Appellant appeals the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Although Appellant's initial motion raised seven claims of ineffective assistance of counsel, Appellant is only appealing the trial court's summary denial of claims (1), (5), and (6). We affirm the trial court's denial of claim (1) without further discussion.
The facts relevant to the remaining issues on this appeal concern Appellant's ability to access a safe containing illegal contraband that was the subject of the charges brought to trial. The evidence established that the safe was accessible via a key and a keypad. Appellant was found in possession of a key to the safe. The State provided testimony that the safe's keypad was not functioning properly at the time of the offense.
In claim (5), Appellant alleges that his trial counsel was ineffective because he did not hire a safe expert to provide testimony that the keypad was functioning properly thereby allowing others to access the safe. In claim (6), Appellant argues trial counsel was ineffective for failing to hire a private investigator to show that he did not reside in the residence and that other people had access to the safe. The trial court summarily denied both claims, finding that trial counsel's decisions were based on trial strategy.
Although the trial court cites trial strategy as justifying the summary denial, it is impossible to determine from the record and without an evidentiary hearing whether trial counsel's decisions were reasonable trial strategy. Moreover, the records do not conclusively refute Appellant's claims. Therefore, it was error for the trial court to summarily deny claims (5) and (6). See Reynolds v. State, 227 So.3d 220, 221 (Fla. 5th DCA 2017) ("Generally, a trial court may not summarily deny a rule 3.850 motion on the ground that trial counsel made a reasonable tactical decision, unless 'it is so obvious from the face of the record that trial counsel's strategy not to present a voluntary intoxication defense is very clearly a tactical decision well within the discretion of counsel.' " (quoting Hannon v. State, 941 So.2d 1109, 1138 (Fla. 2006) ) ).
We, therefore, reverse and remand the summary denial of claims (5) and (6) for *400 the trial court to either attach records conclusively refuting these claims, or to hold an evidentiary hearing. See Hannon, 941 So.2d at 1138 ; Reynolds, 227 So.3d at 221.
AFFIRMED IN PART; REVERSED IN PART; REMANDED with Instructions. ORFINGER and HARRIS, JJ., concur.