IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ADNELL RAFAEL REYES,

      Appellant,

v.

Case No.  5D22-33
LT Case No. 2017-CF-3175

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 1, 2022

3.850 Appeal from the Circuit Court
for Orange County,
Robert Leblanc, Judge.

Matthew R. McLain, of McLain Law,
P.A., Longwood,  for Appellant.

Ashley Moody, Attorney General,
Tallahassee,  and  Bonnie  Jean
Parrish, Assistant Attorney General,
Daytona Beach, for Appellee.

EVANDER, J.

Adnell Reyes was convicted, after a jury trial, of various sex offenses. His convictions were per curiam affirmed by this court. *Reyes v. State*, 277 So. 3d 1049 (Fla. 5th DCA 2019). Thereafter, Reyes filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in which he alleged several grounds of ineffective assistance of counsel. We reverse the summary denial of one of the grounds raised by Reyes, but we otherwise affirm.

At trial, Reyes' counsel advised the trial court that, for strategic reasons, he would not be cross-examining the alleged victim. The trial court engaged in an appropriate colloquy with Reyes, confirming that Reyes and his trial counsel had thoroughly discussed the decision to not cross-examine the victim, and that Reyes agreed with that decision. The trial court (again, appropriately) did not ask trial counsel or Reyes for the rationale behind this decision.

In his motion for postconviction relief, Reyes acknowledged that, at trial, he agreed to defense counsel's trial strategy to forego questioning the alleged victim. However, Reyes asserted that he did so only because defense counsel incorrectly assured him that "nothing of substance could be gained by cross-examining the alleged victim." Reyes further alleged that a reasonable defense counsel would have cross-examined the victim regarding

2

the inconsistencies between her initial statements to law enforcement officers and/or child protection team interviewers and her trial testimony. Reyes alleged that he was prejudiced by defense counsel's deficient performance because the prosecution's case turned on the alleged victim's credibility, and "the jury was not presented with critical reasons not to believe her." Finally, Reyes asserted that but for defense counsel's "patently unreasonable" decision to not cross-examine the victim, there was "a reasonable probability that the outcome of the trial would have been different."

In denying Reyes' motion, the postconviction court relied on the fact that, at trial, Reyes expressly stated that he agreed with defense counsel's decision not to cross-examine the victim. This was error.

"[S]trategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was *reasonable* under the norms of professional conduct." *Occhicone v. State*, 768 So. 2d 1037, 1048 (Fla. 2000) (emphasis added). However, as a general rule, the denial of a claim of ineffective assistance of counsel based on a finding that counsel was engaged in a reasonable trial strategy should only be made after an evidentiary hearing. *Hipley v. State*, 333 So. 3d 1194, 1996–97 (Fla. 5th DCA 2022). The narrow exception to this rule applies where it is obvious from the record that counsel's strategy was

3

clearly a tactical decision well within his or her discretion. *Id.* at 1197; *Reynolds v. State*, 227 So. 3d 220, 221 (Fla. 5th DCA 2017).

Here, it cannot be determined from the record before us whether defense counsel's decision to not cross-examine the alleged victim was reasonable. Furthermore, the record does not establish whether or not Reyes' affirmation of defense counsel's strategy at trial occurred only after being reasonably informed of the rationale for that strategy. Accordingly, we reverse the trial court's summary denial of Ground Two of Reyes' motion for postconviction relief and remand for the trial court to either attach records conclusively refuting this ground, or, alternatively, to hold an evidentiary hearing.

AFFIRMED, in part; REVERSED in part; REMANDED.

EDWARDS and SASSO, JJ., concur.