# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2023.

_____

No. 3D21-1583
Lower Tribunal No. F10-35759
_____

**Janepsy Carballo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Law Offices of Aubrey Webb, P.A., and Aubrey Webb, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before LOGUE, MILLER, and BOKOR, JJ.

MILLER, J.

ON MOTION FOR REHEARING

We deny the State's motion for rehearing, withdraw our prior opinion, and substitute the following opinion in its stead:

Appellant, Janepsy Carballo, challenges the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In her motion, Carballo alleged, among other grounds, that her counsel provided her ineffective assistance in advising her not to testify in her own defense. Because the claim is facially sufficient and not refuted by the record attachments, we reverse, in part, and remand for further proceedings.[1]

## BACKGROUND

The facts require little elaboration. In 2008, two unidentified gunmen murdered Carballo's husband and wounded her eighteen-month-old child in a brazen attack outside of the family residence. Carballo voiced suspicions that Ilan Nissim, her husband's former business partner, was behind the ambush. Less than a month later, Carballo shot and killed Nissim inside her home. Immediately after the shooting, she fled from the home, discarded the firearm, and called 911 to report she had been attacked. There were no eyewitnesses, save Carballo, and no charges were brought at that time.

---

[1] We summarily affirm the remaining claim.

Approximately two years later, Carballo made inculpatory statements about the shooting to an undercover Drug Enforcement Administration informant investigating abusive prescription practices at pain management clinics in South Florida. She was subsequently arrested and indicted for first-degree murder.

Carballo unsuccessfully claimed immunity under Florida's "Stand Your Ground" law,[2] and the case proceeded to trial years later before a successor judge. During the trial, Carballo's attorney claimed Carballo shot and killed Nissim in self-defense. Carballo was convicted as charged and sentenced to life in prison. Her judgment and sentence were affirmed on direct appeal. See Carballo v. State, 221 So. 3d 700 (Fla. 3d DCA 2017). Claims of ineffective assistance of appellate counsel were later denied by this court. See Carballo v. State, 302 So. 3d 347 (Fla. 3d DCA 2019).

Carballo then sought postconviction relief under Florida Rule of Criminal Procedure 3.850 before yet a third judge. In her motion, Carballo alleged that her trial counsel provided her with ineffective assistance in advising her not to testify in her own defense. She specifically asserted that because she did not testify, the trial judge excluded a myriad of exculpatory evidence, including the 911 recording, evidence bearing on Nissim's

_____

[2] § 776.032, Fla. Stat. (2012).

3

character, and statements from homicide investigators regarding the investigation. Without her testimony, she contended, her defense was not factually or legally viable.

The postconviction court convened a hearing, determined the claim was facially sufficient, and expressed an inclination to set the matter for an evidentiary hearing. A later hearing ensued. Carballo was not present, but both her attorney and the State proposed that the issue of prejudice was ripe for determination on the cold record of the pre-trial immunity hearing. The matter was reset for a ruling, at which time Carballo's trial counsel appeared before the court and expressed his willingness to testify. The postconviction court indicated that the motion would be adjudicated without a hearing and subsequently issued a comprehensive order concluding that because Carballo's pre-trial testimony was inconsistent and "highly impeachable," the advice not to testify was both reasonable and strategic. The court did not, however, render any findings as to prejudice. The instant appeal followed.

On appeal, the Public Defender's Office filed an Anders brief.[3] Carballo then retained private appellate counsel and filed an amended brief alleging, among other grounds, the trial court erred in rejecting her claim on credibility grounds in the absence of an evidentiary hearing.

---

[3] Anders v. California, 386 U.S. 738 (1967).

4

**STANDARD OF REVIEW**

We conduct a de novo review of the summary denial of a motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. See Duncan v. State, 232 So. 3d 450, 452 (Fla. 2d DCA 2017). If a motion is facially sufficient, "this court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief." Simon v. State, 47 So. 3d 883, 884 (Fla. 3d DCA 2010).

**ANALYSIS**

To allege a facially sufficient claim for ineffective assistance of counsel, a defendant must plead sufficient facts to establish that counsel's performance was deficient, and that the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish the deficiency prong, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. The prejudice prong, in turn, is defined as the "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Finally, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Under Florida law, a defendant may claim ineffective assistance of counsel based on interference with the right to testify. See Oisorio v. State, 676 So. 2d 1363, 1364 (Fla. 1996). In this context, erroneously advising a defendant not to testify has been construed as interference. In Lott v. State, 931 So. 2d 807, 818–19 (Fla. 2006), the Florida Supreme Court set forth a two-prong test for examining such a claim. "The first step in determining whether there was ineffective assistance of counsel where defendant claims he [or she] would have testified is to determine whether the defendant voluntarily agreed with counsel not to take the stand." Simon, 47 So. 3d at 885. When that is established, "the trial court must answer the separate and second question which is whether counsel's advice to defendant 'even if voluntarily followed, was nevertheless deficient because no reasonable attorney would have discouraged [defendant] from testifying.'" Id. (alteration in original) (quoting Lott, 931 So. 2d at 819).

At trial, Carballo conceded through counsel she fired the shots that killed Nissim. Thus, the only issue left open for determination was whether the use of deadly force was justified under the law. Given that there were no other eyewitnesses to the crime and the admitted forensic evidence was overwhelmingly inculpatory, without Carballo's testimony, the jury was arguably left without a reasonable basis for inferring self-defense.

6

Consequently, Carballo alleged a facially sufficient claim, and we must examine whether the record attachments refute the assertion that Carballo's trial counsel "had an unreasonable assessment of the case by saying that the State could not succeed." Simon, 47 So. 3d at 886.

The transcript below reveals that the trial judge questioned Carballo at trial regarding her decision as to whether to testify. Carballo refused to confirm whether she had adequate time to discuss her decision with her attorney or her satisfaction with strategic decisions, but she did confirm she did not wish to testify. However, because "a defendant's decision not to testify at trial does not, as a matter of law, waive a later claim that [her] trial counsel improperly advised [her] concerning the contours of that right during trial preparation to the extent that the waiver of that right was not knowing, intelligent, and voluntary," the colloquy is not dispositive of the issue at hand. Riggins v. State, 168 So. 3d 322, 324–25 (Fla. 2d DCA 2015); see also Torres-Arboledo v. State, 524 So. 2d 403, 410 (Fla. 1988).

Two principles of law guide our further analysis. First, "a trial court may not summarily deny a rule 3.850 motion on the ground that trial counsel made a reasonable tactical decision, unless 'it is so obvious from the face of the record that trial counsel's strategy . . . is very clearly a tactical decision well within the discretion of counsel.'" Reynolds v. State, 227 So. 3d 220, 221

7

(Fla. 5th DCA 2017) (quoting <u>Hannon v. State</u>, 941 So. 2d 1109, 1138 (Fla. 2006)). Second, because of the shortcomings inherent in examining a cold record without the benefit of the insights gained from viewing live testimony, a trial judge is ordinarily "not permitted to rule on a matter based on the credibility of witnesses which the judge has not heard." <u>Fratello v. State</u>, 950 So. 2d 440, 442 (Fla. 4th DCA 2007). The latter concept applies equally to postconviction proceedings, but Florida courts have acknowledged a limited exception may apply where the parties otherwise stipulate. <u>Id.</u>

In the instant case, Carballo's defense attorney proffered to the postconviction court that he expected her to testify consistently with her pre-trial immunity testimony. Although Carballo was not present, he then urged the court to decide the issue "as is." Casting aside any concerns relating to Carballo's failure to attend the hearing at which her testimony was proffered, the perceived inconsistencies in the pre-trial testimony are derived from the denial of the pre-trial immunity motion, and there are no record attachments establishing that advising Carballo not to testify was a discretionary tactical decision.[4] <u>See</u> <u>Black v. State</u>, 230 So. 3d 166, 168 (Fla. 5th DCA 2017) (reversing denial of motion for postconviction relief where trial court

_____

[4] Carballo has steadfastly maintained she did not waive her right to an evidentiary hearing.

"improperly evaluated [defendant's] credibility," and noting, "[g]enerally, an evidentiary hearing is required to assess the reliability and credibility of allegations" in a postconviction relief motion); see also Simon, 47 So. 3d at 886 (remanding claim that trial counsel misadvised defendant not to testify in his own defense for evidentiary hearing); Mims v. State, 656 So. 2d 577, 577 (Fla. 1st DCA 1995) (reversing summary denial of a claim that counsel was ineffective in failing to honor defendant's desire to testify where "his alibi testimony would have corroborated the testimony of the sole defense eyewitness"); Hicks v. State, 666 So. 2d 1021, 1022–23 (Fla. 4th DCA 1996) (reversing for evidentiary hearing on appellant's claims of ineffective assistance of counsel where record did not refute his allegations that counsel was ineffective in advising appellant on whether to testify, rendering his testimony involuntary); Haq v. State, 997 So. 2d 1284, 1286 (Fla. 4th DCA 2009) (finding a claim "that counsel provided [the defendant] ineffective assistance in 'misadvising' him not to testify in support of his 'mere presence' defense" required resolution by way of an evidentiary hearing); Loudermilk v. State, 106 So. 3d 959, 960–61 (Fla. 4th DCA 2013) (reversing and remanding for evidentiary hearing on defendant's ineffective assistance of counsel claim where defendant claimed counsel misadvised him not to

testify, and testimony "had the potential to undermine the weight given by his jury to the victim's inculpatory testimony").

Moreover, while a lack of prejudice alone supports a denial of postconviction relief under Strickland, as the State commendably concedes, the order on appeal is devoid of any such finding.  Accordingly, we are constrained to reverse, in part, and remand for further proceedings consistent herewith.  Upon remand, any stipulation concerning a testimonial waiver should occur in Carballo's presence.  See Torres-Arboledo, 524 So. 2d at 410 (quoting Cutter v. State, 460 So. 2d 538, 539 (Fla. 2d DCA 1984)) ("[T]he right to testify . . . may be waived by the defendant's attorney in the absence of express disapproval on the record by the defendant . . . .  If he does not agree with his attorney, he must make his objection known . . . .  If he properly objects, the court must allow him to testify.").

Affirmed in part, reversed in part, and remanded for further proceedings.