997 So.2d 1284 (2009)
Noman Ul HAQ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1032.
District Court of Appeal of Florida, Fourth District.
January 14, 2009.
*1285 Noman Ul Haq, Miami, pro se.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, for appellee.
PER CURIAM.
Noman Ul Haq and co-defendant Tarek Elisidaou were jointly tried using a dual jury procedure. Haq pursued a "mere presence" defense while Elisidaou pursued an entrapment defense. Haq was convicted of trafficking in cocaine and conspiracy to traffic in cocaine. Following a direct appeal, Haq's convictions were affirmed. See Haq v. State, 912 So.2d 1240 (Fla. 4th DCA 2005). Thereafter, Haq timely filed a 3.850 motion, alleging that his trial counsel provided ineffective assistance by (1) failing to object to the dual jury procedure and failing to move to sever Haq's trial from that of co-defendant and alleged co-conspirator Elisidaou; (2) failing to depose the confidential informant and "lead law enforcement officer"; (3) failing to call Tarak Awan as a witness in support of his "mere presence" defense; (4) misadvising Haq not to testify at trial in support of his "mere presence" defense and failing to object to the trial judge's "cursory, inadequate" inquiry of Haq regarding his decision not to testify; and (5) failing to pursue an entrapment defense. All of Haq's claims were summarily denied. We affirm in part and reverse in part.
We find no error in the summary denial of claim (1), that portion of claim (4) asserting ineffective assistance in failing to object to the trial court's inquiry of Haq concerning his decision not to testify, and claim (5). Haq cannot establish the required prejudice with respect to claim (1). Haq's claim regarding the trial court's inadequate inquiry concerning the right to testify (portion of claim 4) is conclusively refuted by the record. And, with respect to claim (5), Haq made no factual allegations in support of such claim and cannot, in good faith, make the necessary amendment, i.e., throughout his 3.850 motion, Haq alleges that he was simply present during the drug transaction and an entrapment defense requires that the defendant admit he was a knowing participant in the drug deal.
Claim (2) was facially insufficient as pled. Pursuant to Spera v. State, 971 So.2d 754, 761 (Fla.2007), however, such claim should have been stricken and Haq afforded the opportunity to amend. "[W]hen a failure to depose is alleged as part of an ineffective assistance of counsel claim, the appellant must specifically set forth the harm from the alleged omission, *1286 identifying `a specific evidentiary matter to which the failure to depose witnesses would relate.'" Davis v. State, 928 So.2d 1089, 1117 (Fla.2005) (quoting Brown v. State, 846 So.2d 1114, 1124 (Fla.2003)), cert. denied, 549 U.S. 895, 127 S.Ct. 206, 166 L.Ed.2d 166 (2006). Haq's motion failed to sufficiently identify the harm or prejudice. With respect to the confidential informant, Haq alleged that the informant's trial testimony placed him at a meeting, that counsel was previously unaware of such testimony and, consequently, that counsel was not prepared to cross examine the informant. Haq's motion, though, fails to identify the specific "meeting" to which he is referring, fails to allege how counsel's failure to learn prior to trial that the informant's testimony would place Haq at such meeting impeded or restricted cross examination and fails to allege how such limited or restricted cross examination prejudiced Haq. With regard to the "lead law enforcement officer," Haq alleges that, at trial, the officer testified that Haq tried to flee the scene when, in fact, Haq took only a step or two because he was startled and that this fact would have been discovered had the officer been deposed. Haq's motion, though, fails to identify the officer to whom he is referring and fails to allege how he was prejudiced by counsel's failure to elicit testimony on cross to the effect that the defendant took only a few steps.
Haq's claim that counsel provided ineffective assistance in failing to call Tarak Awan as a witness and that he was prejudiced by such failure is facially sufficient, see Meus v. State, 968 So.2d 706, 710-11 (Fla. 2d DCA 2007), and not conclusively refuted by the record. The trial court thus erred in summarily denying the same. The same is true for that portion of claim (4) wherein Haq claims that counsel provided him ineffective assistance in "misadvising" him not to testify in support of his "mere presence" defense. See Morris v. State, 931 So.2d 821, 833-34 (Fla.2006) ("`Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide.... Moreover, if counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed should, advise the client in the strongest possible terms not to testify.'") (quoting United States v. Teague, 953 F.2d 1525, 1533 (11th Cir.1992) (footnotes and parallel citations omitted)); see also Lott v. State, 931 So.2d 807 (Fla.2006) (recognizing that misadvice regarding decision to testify can provide basis of legally cognizable 3.850 claim).
Accordingly, we affirm the summary denial of Haq's claim that counsel was ineffective in failing to object to the dual jury procedure and in failing to move to sever Haq's trial from that of Elisidaou; Haq's claim that counsel was ineffective in failing to object to the court's inquiry regarding his decision not to testify; and Haq's claim that counsel was ineffective in failing to pursue an entrapment defense. We reverse the summary denial of Haq's claims that counsel was ineffective for failing to call Awan as a witness and ineffective in misadvising Haq not to testify at trial as Haq's claims in this regard are legally sufficient and not conclusively refuted by the record. And, finally, we reverse the summary denial of Haq's claim that counsel was ineffective for failing to depose the confidential informant and the "lead law enforcement officer" because, while such claim was insufficient as pled, under Spera, such claim should have been stricken and Haq afforded the opportunity to amend. The case is thus remanded for further proceedings.
*1287 Affirmed in part; Reversed in part and Remanded.
WARNER, STEVENSON and MAY, JJ., concur.