ON MOTION FOR REHEARING

GERSTEN, J.
On consideration of the State’s motion for rehearing, rehearing en banc, certified conflict, and/or certified question, the Court grants the motion for rehearing, *31 withdraws its previous opinion, and substitutes the following opinion:
Hernando Garcia (“the defendant”) appeals an order denying a motion for post-conviction relief under Florida Rule of Criminal Procedure 8.850. We affirm.
The State charged the defendant and a codefendant with armed robbery. The State contended that the defendant drove the codefendant to a residence where a group of people were standing outside. The codefendant got out of the car and proceeded to beat up and rob the victim. In exchange for cooperating in his codefen-dant’s case, the State offered the defendant a plea bargain of five years in prison followed by five years probation.
Defense counsel believed that the State’s case against the defendant was weak. Therefore, he advised the defendant to reject the plea. The defendant’s case went to trial where defense counsel relied on misidentification and/or that the codefen-dant acted independently as defenses. The jury returned a guilty verdict, and the trial judge sentenced the defendant to life in prison.
Thereafter, the defendant filed this Rule 3.850 motion for postconviction relief. The defendant alleged ineffective assistance of counsel on various grounds, only two of which warrant discussion. In ground two, the defendant described counsel’s alleged ineffectiveness as follows:
Counsel advised the Defendant that he should not take the plea, because state did not have a case and the case would not go to the jury. On the 1st day of trial, counsel told the Defendant’s [niece, mother, and girlfriend] that he would have the Defendant home tonight....
Counsel told the Defendant not to take the deal, because he had never lost a case in Peter Lopez’s Courtroom. “I am three and one, the one lost is for a guy who took a deal.” Had counsel not told the Defendant he could beat this prosecutor and that he had beat him so many times before, the defendant would have taken the deal offered by the State, instead of going to trial.
Additionally, the defendant claimed in ground three that counsel was ineffective in advising him not to testify. According to the defendant, his counsel told him that:
[The jury] will know that you have been in trouble before. This is not going to look good, because we are trying to make them understand you were not part of this crime. We want them to realize that you were just in the wrong place at the wrong time and that you did not know what was going to happen.
The trial court denied the Rule 3.850 motion, and the defendant appealed.
We agree with the trial court that the defendant’s motion was insufficient to allege a claim of ineffective assistance of counsel. Turning first to ground two, the Florida Supreme Court recently clarified the correct standard for reviewing a claim of ineffective assistance of counsel based on counsel’s advice to reject a plea offer. Morgan v. State, 991 So.2d 835 (Fla.2008).
The Morgan court concluded that a claim of ineffective assistance of counsel can be based on advice from counsel to reject a plea offer. However, the Supreme Court determined that Morgan’s claim was insufficient because the defendant did not specify the deficiency or deficiencies which made his counsel’s advice to reject the plea unreasonable under the circumstances. The court stated:
Morgan does not contend that his counsel failed to communicate a plea offer or misinformed him concerning the penalties. Morgan has failed to allege any deficient performance on the part of counsel. The mere fact that Morgan did *32 not prevail at trial does not translate into misadvice. Some specific deficiency-on the part of counsel must be alleged. There is no allegation that counsel’s assessment of the chances of success at trial was unreasonable under the facts and circumstances of this case or that counsel had not investigated or otherwise was not familiar with the case. Therefore, Morgan is not entitled to an evidentiary hearing because his claim is legally insufficient.
991 So.2d at 841.
Morgan did not change the standard for determining whether an eviden-tiary hearing is required. “[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motions, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.” 991 So.2d at 840-41 (quoting Hannon v. State, 941 So.2d 1109,1138 (Fla.2006)).
Thus, where, as here, the defendant argues that counsel’s advice to reject the plea was wrong simply because he was found guilty, the trial court may summarily dismiss the defendant’s motion. In such circumstances, the motion, on its face, is legally insufficient.[1]
Here, the record is clear that there was no specific deficiency in counsel’s performance which made his advice to take a plea unreasonable. Neither the defendant’s motion nor his witnesses’ affidavits state that counsel failed to fully explain the terms of the plea or the penalties defendant faced. There is also no suggestion that counsel advised the defendant to reject the plea without first preparing and knowing the facts and issues in the case. On the contrary, the record is clear that defense counsel’s advice to reject the plea was based on his quite reasonable belief that the State’s case was weak, and that the best strategy was to argue misidentifi-cation and/or that the codefendant acted independently.
Turning next to ground three of the defendant’s motion, the record shows that the decision not to testify was a mutually agreed-upon trial strategy directly related to the independent action defense. Cross-examination of the defendant’s criminal past would have been limited to the number of the defendant’s prior convictions. See Johnson v. State, 923 So.2d 541 (Fla. 3d DCA 2006). However, even this limited information would have tarnished defense counsel’s portrayal of the defendant as an unsuspecting driver unwillingly drawn into his passenger’s criminal conduct. Thus, defense counsel’s strategic decision to advise the defendant not to testify was not unreasonable.
Further, the record is clear that the defendant was aware that he was the final decision-maker on whether to testify. The following exchange occurred when the trial court questioned the defendant on his decision:
THE COURT: You have the absolute right not to become a witness, you understand?
THE DEFENDANT: Yes.
[[Image here]]
THE COURT: You had an opportunity to discuss this issue with your attorney? THE DEFENDANT: Yes.
THE COURT: Are you satisfied with his advice and counsel on this issue?
*33 THE DEFENDANT: Yes.
THE COURT: Regardless of his advice it’s your decision and your decision alone not to testify, is that correct?
THE DEFENDANT: Yes, sir.
THE COURT: After all, it is your case, is that correct?
THE DEFENDANT: Yes, sir.
(Emphasis added.) This exchange demonstrates that defendant was satisfied with his defense counsel’s strategy. A trial counsel’s reasonable strategic decisions should not be second-guessed, particularly when the client agrees to the strategy. See Jones v. State, 845 So.2d 55, 65 (Fla. 2003).
In conclusion, counsel’s advice to reject the plea here was based on a reasonable impression of the State’s case, and the defendant did not allege any specific deficiency in counsel’s performance. Additionally, counsel’s advice not to testify was an agreed-upon trial strategy, which should not be second-guessed. Therefore, the trial court properly denied the defendant’s Rule 3.850 motion as legally insufficient.
Accordingly, the order denying the motion is affirmed.
Affirmed.

. Sometimes the defendant is just unhappy with the result of his decision not to plead. In my years as a trial judge, I saw many "lock winner” cases lose and many "lock loser” cases win. This pragmatic observation only proves diat going to trial is always a gamble. On the other hand, taking a plea is a sure bet.