COPE, J.
 

 Defendant Clandyve Simon appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of counsel. We affirm in part and reverse in part.
 

 Defendant was found guilty of two counts of attempted second degree murder and was sentenced to twenty years in prison. Defendant was accused of firing several shots into a vehicle. The two victims in the vehicle did not testify at trial. The defendant’s defense at trial was misidenti-fication.
 

 In his motion alleging ineffective assistance of counsel, defendant made three claims. First, defendant claimed his counsel was ineffective in advising him not to testify at trial. Second, defendant asserted his lawyer was ineffective in failing to object to the introduction of an out-of-court statement made by a non-testifying witness. Third, defendant claimed his counsel was ineffective in failing to obtain DNA testing of a black hat which was worn by the perpetrator during the crime. The trial court summarily denied the motion and defendant Simon has appealed.
 

 On appeal from a summary denial of a Rule 3.850 motion, this court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief.
 
 [1]
 

 See
 
 Fla. R.App. P. 9.141(b)(2)(D). The record before us does not conclusively refute the defendant’s claim on point one.
 

 The defendant claimed his counsel gave him misadviee in advising him not to testify at trial. Defendant argued that his counsel advised him that his testimony was unnecessary “because without testimony from the alleged victims the state would be unable to prove ... the required elements of the charged offense.” Defendant went
 
 *885
 
 on to argue that this advice was deficient because there was an eyewitness (a police officer) who testified at trial and who identified defendant as the perpetrator. Defendant stated that but for his counsel’s misadvice, he would have testified that at the time of the crime, he was at a motel room with his girlfriend, they got into an argument, he left, it started raining, so he took cover in some nearby apartments. When he was ready to leave, police rushed him and he was arrested and misidentified by the eyewitness police officer. According to the defendant, had he testified, he would have established his innocence and would have cast reasonable doubt on the officer’s testimony.
 

 In response to this argument, the State argued that defendant was not entitled to relief because the record establishes that it was the defendant’s decision not to testify. In support of this claim, the State relied on the following pre-trial exchange:
 

 THE COURT: Your attorney just told me that you do not wish to testify in this trial, is that correct?
 

 THE DEFENDANT: Yes.
 

 THE COURT: Do you understand that even though your attorney may give you advice either way it is your constitutional right as to whether or not you want to testify?
 

 THE DEFENDANT: Yes.
 

 THE COURT: And even though your attorney may say, no, I don’t think you should testify, you could say to him, Mr. Marshall, I don’t agree with you, I want to testify?
 

 THE DEFENDANT: Yes, Sir.
 

 THE COURT: And that’s because it is your Constitutional right, do you understand that?
 

 THE DEFENDANT: Yes, Sir.
 

 THE COURT: So again, I will ask you for the last time, do you wish to testify in this matter?
 

 THE DEFENDANT: No sir.
 

 The State and the trial court suggested that this exchange established that defendant is not entitled to relief because he voluntarily chose not to testify. While it is true that the colloquy establishes defendant voluntarily agreed with counsel’s recommendation not to take the stand, and while ultimately the decision to testify or not is that of the defendant, the defendant is entitled to have reasonable advice of a lawyer.
 
 See Lott v. State,
 
 931 So.2d 807, 819 (Fla.2006).
 

 The Florida Supreme Court’s
 
 Lott
 
 decision is controlling here. The first step in determining whether there was ineffective assistance of counsel where defendant claims he would have testified is to determine whether the defendant voluntarily agreed with counsel not to take the stand.
 
 Id.
 
 If that is established, then the trial court must answer the separate and second question which is whether counsel’s advice to defendant “even if voluntarily followed, was nevertheless deficient because no reasonable attorney would have discouraged [defendant] from testifying.”
 
 Id.
 
 The trial court stopped at question one and failed to address the second question.
 
 [2]
 

 The State relied on
 
 Garcia v. State,
 
 21 So.3d 30 (Fla. 3d DCA 2009) to suggest that stopping at question one was appropriate here. It argued that the pre-trial colloquy here was similar to that in
 
 Garcia
 
 
 *886
 
 and that therefore defendant was not entitled to relief.
 
 [3]
 
 But that case is distinguishable and the State misinterpreted
 
 Garcia.
 
 In
 
 Garcia,
 
 the defendant was charged with being the driver in a robbery wherein the passenger jumped out of the car and committed the robbery.
 
 Garcia,
 
 21 So.3d at 31. The defense there was that his co-defendant acted independently and the defendant (the driver) had no idea that the co-defendant was going to commit a crime.
 
 Id.
 
 This Court determined that counsel’s advice to Garcia not to testify was reasonable in that on cross-examination, the prosecutor would have introduced defendant’s prior criminal history which would have “tarnished defense counsel’s portrayal of the defendant as an unsuspecting driver unwillingly drawn into his passenger’s criminal conduct.”
 
 Id.
 
 This Court further held that counsel’s strategic decision to advise the defendant not to testify was not unreasonable and that counsel had a “reasonable impression of the State’s case and the defendant did not allege any specific deficiency in counsel’s performance.”
 
 Id.
 
 The Court went on to say that “a trial counsel’s reasonable strategic decisions should not be second-guessed, particularly when the client agrees to the strategy.”
 
 Id.
 

 In this case, by contrast, the claim is that counsel had an unreasonable assessment of the case by saying that the State could not succeed without the witnesses where there was a police officer who was ready to testify against the defendant and where there was absolutely no testimony presented to contradict the testimony of the officer.
 

 Under the circumstances here, an evidentiary hearing was necessary to determine this second question — whether counsel’s advice was deficient.
 
 Lott,
 
 931 So.2d at 819. Counsel may make a tactical decision in advising the defendant, but a trial court’s finding that such a decision was tactical, so as to defeat a defendant’s post-conviction ineffective assistance claim, usually is inappropriate without an eviden-tiary hearing.
 
 See State v. Williams,
 
 797 So.2d 1235, 1239 (Fla.2001). As already stated, there was no evidentiary hearing here. Instead, the trial court summarily denied defendant’s motion finding that the defendant voluntarily chose not to testify. We remand the case for an evidentiary hearing as to point one of defendant’s Rule 3.850 motion.
 

 The record conclusively refutes defendant’s second and third claims. We affirm on points two and three without discussion.
 

 Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.
 

 [1]
 

 . We have taken judicial notice of the record filed in defendant’s appeal in Appeal Number 3D07-1541.
 

 [2]
 

 . The trial court did say that the defendant’s proposed testimony about the gunshot residue test would be hearsay. The court did not, however, address the remainder of the defendant's proffered testimony or the question whether a reasonable attorney would have discouraged the defendant from testifying.
 

 [3]
 

 . In
 
 Garcia,
 
 the defendant — who chose not to testify at trial and later claimed ineffective assistance of counsel — stated at the pre-trial conference that he was satisfied with his counsel’s advice on whether to testify at trial.