EMAS, J.
Vernon Allen appeals the trial court’s order denying his motion for postconvietion relief. We affirm.
Allen was arrested on August 15, 2006. On September 11, 2006, the State filed an information charging three counts: armed burglary (count one), grand theft (count two), and felony criminal mischief (count three). Trial counsel was court-appointed on September 19, 2006, to represent Allen, who was declared indigent.[1] On February 12, 2007, a notice of expiration of the speedy trial period was filed.[2] Trial began on February 20, 2007. Allen was found guilty of burglary of a dwelling, grand theft, and misdemeanor criminal mischief.
The trial court ordered that a presen-tence investigation report be prepared in advance of the sentencing. During the presentence investigation process, Allen met, and was interviewed by, an investigator with the Department of Corrections. During the interview, Allen protested his innocence, and made allegations that his trial counsel had provided ineffective assistance of counsel. As a result, the trial court held a hearing on Allen’s claims prior to proceeding on the sentencing.[3] The trial court heard testimony and determined that trial counsel did not provide ineffective assistance of counsel. Allen was subsequently sentenced to twenty years’ imprisonment as a habitual felony *336 offender (count one), five years’ imprisonment (count two) and credit for time served (count three). The convictions and sentences were affirmed on direct appeal.
Allen filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He raised four grounds, each alleging ineffective assistance of his trial counsel.[4] The trial court denied relief. This appeal followed.
Allen’s motion alleged that his trial counsel:
1. Failed to diligently investigate and present defense witnesses that would have established his innocence;
2. Misadvised Allen regarding his right to testify at trial, resulting in an “involuntary” waiver of his right to testify;
3. Failed to object to the state’s introduction of certain evidence at trial;
4. Improperly advised Allen not to testify at a “Rule 3” hearing[5] held pri- or to sentencing, where Allen would have asserted and established his actual innocence and an alibi defense.[6]
Each of Allen’s claims is without merit, but the first claim warrants further discussion.[7] Although the trial court did not hold an evidentiary hearing following Allen’s formal filing of his motion for post-conviction relief, it did not need to do so; an adequate record already existed for a denial of his claims. Allen’s claims of ineffective assistance of trial counsel were raised and sufficiently developed in the evidentiary hearing held by the trial court prior to his sentencing. The trial court properly appointed new counsel to represent Allen at this evidentiary hearing, because Allen was asserting claims that his trial counsel had provided ineffective assistance. At the evidentiary hearing, Allen’s original trial counsel was called as a witness, and testified that:
—Trial counsel had obtained a court order authorizing investigative costs to locate defense witnesses;
—Allen nevertheless insisted that trial counsel obtain a speedy trial;
—Allen wanted a speedy trial rather than wait for trial counsel to locate potential defense wit *337 nesses and develop a defense for trial;
—Allen’s strategy was to not take any continuances;
—Trial counsel advised Allen that more time was needed to investigate and locate witnesses and prepare for trial, and that such a strategy would prevent trial counsel from properly investigating and preparing for trial;
—Allen insisted on filing a notice of expiration of the speedy trial period, and the notice of expiration was filed on February 12, 2007;
—Trial began approximately one week after the filing of the notice of expiration.
After trial counsel testified, the court gave Allen an opportunity to testify at this hearing. Allen advised the court that he did not wish to testify, and the trial court conducted a thorough colloquy of Allen regarding his personal decision not to testify at the hearing.
To establish a claim of ineffective assistance of trial counsel, Allen has the burden of establishing both deficient performance and actual prejudice. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To satisfy the deficient performance prong, Allen must allege and prove that counsel did not function as the' “counsel” guaranteed by the Sixth Amendment. The relevant question to ask is whether counsel’s performance was objectively reasonable when measured under the standard of prevailing professional norms. Id. at 688, 104 S.Ct. 2052.[8]
Based upon the evidence presented, the trial court concluded that trial counsel did not provide ineffective assistance of counsel. This determination is fully supported by the record.
We begin with the general proposition that
counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel’s judgment_ The reasonableness of counsel’s actions may be determined or substantially influenced by the defendant’s own statements or actions.
Strickland, 466 U.S. at 691, 104 S.Ct. 2052. See also Wiggins v. Smith, 589 U.S. 510, 128 S.Ct. 2527, 156 L.Ed.2d 471 (2003); Downs v. State, 453 So.2d 1102 (Fla.1984). Here, trial counsel attempted to conduct a reasonable investigation in preparation for trial, but was thwarted by his own client’s adamant insistence on a speedy trial. Trial counsel advised Allen that more time was needed to investigate the case, locate potential witnesses, and prepare a proper defense for trial. Notwithstanding counsel’s advice, Allen insisted that trial counsel pursue a speedy trial and not request any continuance of the trial date. A defendant who insists on pursuing a speedy trial against his trial counsel’s advice — and with an understanding of the nature and consequences that will follow such a decision— will not later be heard to complain that he received ineffective assistance from trial counsel who failed to adequately investigate and prepare a proper defense. Trial counsel cannot be deemed ineffective for *338 obeying his client’s demands regarding the investigation, preparation or presentation of a defense. Heath v. State, 8 So.Sd 1017 (Fla.2009); Grim v. State, 971 So.2d 85 (Fla.2007); Cummings-El v. State, 863 So.2d 246 (Fla.2003). Stated another way, trial counsel made a “reasonable decision” to limit or terminate his investigation, based upon his client’s adamant insistence on pursuing a speedy trial after his counsel advised against it and warned Allen of the dangers inherent in such a strategy. Rose v. State, 617 So.2d 291, 294 (Fla.1993). As the Florida Supreme Court has recognized: “When a defendant preempts his attorney’s strategy by insisting that a different defense be followed, no claim of ineffectiveness can be made.” Id. (quoting Mitchell v. Kemp, 762 F.2d 886, 889 (11th Cir.1985)).
The record establishes the “strategic” decision to seek a speedy trial (and forego any continuances to conduct an adequate investigation and prepare a defense) was the informed decision of Allen himself, and was against the advice of his trial counsel. Allen cannot now seek to impute the consequences of that decision to his trial counsel. Trial counsel’s acquiescence to his client’s insistent demands to obtain a speedy trial fell within the “wide range of professionally competent assistance” and met the standard of “reasonableness under prevailing professional norms.” Strickland, 466 U.S. at 688, 690, 104 S.Ct. 2052.
Affirmed.

.The public defender’s office initially represented Allen, but withdrew from representation because the office was also representing a co-defendant in the case. Private counsel was then appointed as a special assistant public defender to represent Allen.

. See Fla. R.Crim. P. 3.191(h).

. At that hearing, and at the sentencing which followed, Allen was represented by newly-appointed counsel who had not participated at the pretrial or trial stages of the case.

. The first three grounds were raised by Allen to the trial court prior to sentencing.

. This was the hearing held by the trial court, prior to sentencing, to address Allen’s claims of ineffective assistance of his trial counsel. This fourth claim alleges that his newly-appointed counsel provided ineffective assistance by advising Allen not to testify at the hearing.

. Allen's asserted alibi is that, on the day of the crimes, he was with a person named David (last name unknown) detailing cars and doing landscaping work.

. As to Allen's claim that he “involuntarily” waived his right to testify at trial, the trial court conducted a thorough colloquy of Allen during the trial. A review of the colloquy conclusively refutes Allen’s claim. See Garcia v. State, 21 So.3d 30 (Fla. 3d DCA 2009) (holding trial court’s colloquy of defendant during trial established that he consulted with his attorney about the decision, was satisfied with his counsel’s advice, and knowingly and voluntarily waived his right to testify at trial); Lott v. State, 931 So.2d 807 (Fla.2006). Similarly, during the evidentiary hearing held pri- or to sentencing, Allen was given an opportunity to testify and declined. The trial court conducted a similarly thorough colloquy and properly determined that Allen knowingly, intelligently and voluntarily waived his right to testify at the hearing. Finally, with regard to the failure to object to certain evidence introduced at trial, Allen has failed to allege or establish the requisite prejudice required under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

. We need not consider the actual prejudice prong, because Allen has failed to allege or establish the deficient performance prong.