# Third District Court of Appeal

**State of Florida**

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-944
Lower Tribunal No. 10-35759
_____

**Janepsy Carballo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Nathan P. Diamond, P.A., and Nathan P. Diamond; Woodward & Reizenstein, P.A., and Philip L. Reizenstein, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before LOGUE, SCALES and LUCK, JJ.

SCALES, J.

Janepsy Carballo was convicted of the first degree murder of Ilan Nissim and sentenced to life in prison. On appeal to this Court, she raises eight issues that divide into a myriad of exceptions to and denunciations of the conduct of her murder trial. We conclude that Carballo's trial was fair and affirm her conviction.

Carballo's primary basis for objecting to the fairness of the trial is that the trial court's grant of the State's extensive motions in limine, together with the trial court's steady sustaining of the State's objections during Carballo's opening argument and examination of certain witnesses, prevented Carballo from presenting the defense of self-defense.[1] Our independent review of the record, however, establishes that the trial court did not abuse its discretion in its evidentiary rulings and in the manner it conducted a difficult trial. Simply because a trial court rules against a defendant repeatedly does not mean the trial was unfair. Because Carballo's claims of error lack merit, they do not amount to cumulative error denying her a fair trial. <u>Parker v. State</u>, 904 So. 2d 370, 380 (Fla. 2005).

---

[1] Carballo argues that the trial court's evidentiary rulings interfered with her examination of witnesses Detective Diana Roman, Sergio Alonso and Jenny Leon; limited Carballo's cross examination of medical examiner Dr. Emma Lew; limited cross examination of undercover informant John Friskey; and generally prevented Carballo from introducing evidence, in support of the theme of self-defense, that she was fearful of Ilan Nissim. At trial, each of the aforementioned presented admissibility problems. Carballo's appeal on this issue boils down to an argument that she was prejudiced by the trial court not allowing her to introduce prejudicial testimony.

The trial court did not abuse its discretion by not giving a jury instruction that lacked evidentiary support. Hooper v. State, 476 So. 2d 1253, 1256 (Fla. 1985). The trial court did not err when it seated a juror over Carballo's peremptory challenge to that juror. Melbourne v. State, 679 So. 2d 759 (Fla. 1996). The trial court did not err when she declined to recuse herself upon an insufficient motion. Parker v. State, 3 So. 3d 974, 981-82 (Fla. 2009). Finally, the trial court did not abuse its discretion in denying Carballo's motion for a new trial based upon alleged juror misconduct. Murray v. State, 3 So. 3d 1108, 1121-22 (Fla. 2009).

Affirmed.