# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1583
Lower Tribunal No. F10-35759
_____


**Janepsy Carballo,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Law Offices of Aubrey Webb, P.A., and Aubrey Webb, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.


Before LOGUE, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Janepsy Carballo, challenges the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In her motion, Carballo alleged, among other grounds, that her counsel provided her ineffective assistance in advising her not to testify in her own defense. Because the claim is facially sufficient and not refuted by the record attachments, we reverse, in part, and remand for further proceedings.[1]

## BACKGROUND

The facts require little elaboration. In 2008, two unidentified gunmen murdered Carballo's husband and wounded her eighteen-month-old child in a brazen attack outside of the family residence. Carballo voiced suspicions that Ilan Nissim, her husband's former business partner, was behind the ambush. Less than a month later, Carballo shot and killed Nissim inside her home. Immediately after the shooting, she fled from the home, discarded the firearm, and called 911 to report she had been attacked. There were no eyewitnesses, save Carballo, and no charges were brought at that time.

Approximately two years later, Carballo made inculpatory statements about the shooting to an undercover Drug Enforcement Administration informant investigating abusive prescription practices at pain management

---

[1] We summarily affirm the remaining claim.

2

clinics in South Florida. She was subsequently arrested and indicted for first-degree murder.

Carballo unsuccessfully claimed immunity under Florida's "Stand Your Ground" law, and the case proceeded to trial. See § 776.032, Fla. Stat. (2017). During the trial, Carballo's attorney claimed Carballo shot and killed Nissim in self-defense. Carballo was convicted as charged and sentenced to life in prison. Her judgment and sentence were affirmed on direct appeal. See Carballo v. State, 221 So. 3d 700 (Fla. 3d DCA 2017). Claims of ineffective assistance of appellate counsel were subsequently denied by this court. See Carballo v. State, 302 So. 3d 347 (Fla. 3d DCA 2019).

Carballo then sought postconviction relief under Florida Rule of Criminal Procedure 3.850. In her motion, Carballo alleged that her trial counsel provided her with ineffective assistance in advising her not to testify in her own defense. She alleged that, because she did not testify, the trial court excluded a myriad of exculpatory evidence, including the 911 recording, evidence bearing on Nissim's character, and statements from homicide investigators regarding the investigation. Without her testimony, she contended, her defense was not factually or legally viable.

The trial court examined testimony provided by Carballo in conjunction with her pre-trial immunity motion and concluded it was inconsistent.

Consequently, the court determined that counsel's advice not to testify was reasonable and strategic. The instant appeal ensued.

## STANDARD OF REVIEW

We conduct a de novo review of the summary denial of a motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. See Duncan v. State, 232 So. 3d 450, 452 (Fla. 2d DCA 2017). If a motion is facially sufficient, "this court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief." Simon v. State, 47 So. 3d 883, 884 (Fla. 3d DCA 2010).

## ANALYSIS

To allege a facially sufficient claim for ineffective assistance of counsel, a defendant must plead sufficient facts to establish that counsel's performance was deficient, and that the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish the deficiency prong, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. The prejudice prong, in turn, is defined as the "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Id. at 694. Finally, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Under Florida law, a defendant may claim ineffective assistance of counsel based on interference with the right to testify. See Oisorio v. State, 676 So. 2d 1363, 1364 (Fla. 1996). In this context, erroneously advising a defendant not to testify has been construed as interference. In Lott v. State, 931 So. 2d 807, 819 (Fla. 2006), the Florida Supreme Court set forth a two-prong test for examining such a claim. "The first step in determining whether there was ineffective assistance of counsel where defendant claims he [or she] would have testified is to determine whether the defendant voluntarily agreed with counsel not to take the stand." Simon, 47 So. 3d at 885. When that is established, "the trial court must answer the separate and second question which is whether counsel's advice to defendant 'even if voluntarily followed, was nevertheless deficient because no reasonable attorney would have discouraged [defendant] from testifying.'" Id. (alteration in original) (quoting Lott, 931 So. 2d at 819).

Here, the trial court questioned Carballo at trial regarding her decision as to whether to testify. Carballo did not affirmatively relinquish her right to testify, nor did she "express disapproval on the record." Cutter v. State, 460 So. 2d 538, 539 (Fla. 2d DCA 1984). This fact, however, is not dispositive

5

of the issue at hand.  See Torres-Arboledo v. State, 524 So. 2d 403, 410 (Fla. 1988).  Carballo further contended in her motion that her trial counsel "had an unreasonable assessment of the case by saying that the State could not succeed" in light of her self-defense claim.  Simon, 47 So. 3d at 886.

At trial, Carballo conceded through counsel she fired the shots that killed Nissim.  Thus, the only issue left open for determination was whether the use of deadly force was justified under the law.  Given that there were no other eyewitnesses to the crime and the admitted forensic evidence was overwhelmingly inculpatory, without Carballo's testimony, the jury was arguably left without a reasonable basis for inferring self-defense.

Further, although strategic considerations based upon the credibility, or lack thereof, of the pre-trial testimony may have indeed influenced the advice rendered below, "[g]enerally, a trial court may not summarily deny a rule 3.850 motion on the ground that trial counsel made a reasonable tactical decision, unless 'it is so obvious from the face of the record that trial counsel's strategy . . . is very clearly a tactical decision well within the discretion of counsel.'" Reynolds v. State, 227 So. 3d 220, 221 (Fla. 5th DCA 2017) (quoting Hannon v. State, 941 So. 2d 1109, 1138 (Fla. 2006)).  Here, the face of the record does not reflect that advising Carballo not to testify under these circumstances was a discretionary tactical decision.  See Black

6

v. State, 230 So. 3d 166, 168 (Fla. 5th DCA 2017) (reversing denial of motion for postconviction relief where trial court "improperly evaluated [defendant's] credibility," and noting, "[g]enerally, an evidentiary hearing is required to assess the reliability and credibility of allegations" in a postconviction relief motion). Therefore, an evidentiary hearing was necessary to determine whether the advice rendered at trial was deficient. See Morris v. State, 931 So. 2d 821, 833–34 (Fla. 2006) (citation omitted) (quoting United States v. Teague, 953 F.2d 1525, 1533 (11th Cir.1992)) ("Defense counsel bears the primary responsibility for advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide. . . . Moreover, if counsel believes that it would be unwise for the defendant to testify, counsel may, and indeed should, advise the client in the strongest possible terms not to testify."); see also Simon, 47 So. 3d at 886 (remanding claim that trial counsel misadvised defendant not to testify in his own defense for evidentiary hearing); Mims v. State, 656 So. 2d 577, 577 (Fla. 1st DCA 1995) (reversing summary denial of a claim that counsel was ineffective in failing to honor defendant's desire to testify where "his alibi testimony would have corroborated the testimony of the sole defense eyewitness"); Hicks v. State, 666 So. 2d 1021, 1022–23 (Fla. 4th DCA 1996) (reversing for evidentiary hearing on appellant's claims

of ineffective assistance of counsel where record did not refute his allegations that counsel was ineffective in advising appellant on whether to testify, rendering his testimony involuntary); Haq v. State, 997 So. 2d 1284, 1286 (Fla. 4th DCA 2009) (finding a claim "that counsel provided [the defendant] ineffective assistance in 'misadvising' him not to testify in support of his 'mere presence' defense" required resolution by way of an evidentiary hearing); Loudermilk v. State, 106 So. 3d 959, 960–61 (Fla. 4th DCA 2013) (reversing and remanding for evidentiary hearing on defendant's ineffective assistance of counsel claim where defendant claimed counsel misadvised him not to testify, and testimony "had the potential to undermine the weight given by his jury to the victim's inculpatory testimony"). Accordingly, we reverse, in part, and remand for an evidentiary hearing on the interference claim.

Affirmed in part, reversed in part, and remanded for further proceedings.