# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-818
LT Case No. 2020-CF-000891-A

_____

JEREMY NEWCOMER,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


3.850 appeal from the Circuit Court for Hernando County.
Daniel B. Merritt, Jr., Judge.

Jeremy Newcomer, East Palatka, pro se.

Ashley Moody, Attorney General, Tallahassee, and Pamela J.
Koller, Assistant Attorney General, Daytona Beach, for Appellee.


October 6, 2023


HARRIS, J.

    Appellant, Jeremy Newcomer, appeals the summary denial of
his motion for postconviction relief filed pursuant to Florida Rule
of Criminal Procedure 3.850. Because portions of claims one and
three are not conclusively refuted by the record, we reverse and
remand for attachment of the records or an evidentiary hearing.
We also remand for the court to provide Newcomer an opportunity
to amend claim two of his postconviction motion.

Newcomer was charged with felony fleeing or attempting to elude, felony petit theft, and no valid driver's license. At trial, the State's key witness, Officer Feola, testified that he was in his patrol car behind a vehicle being driven by Newcomer and, after running the vehicle's license plate, learned that the tag was reported stolen. Feola followed Appellant's vehicle approximately one quarter of a mile at about 50–55 mph, during which time Newcomer continued accelerating "much faster" than Feola was, "changing lanes very abruptly and aggressively, trying to maneuver his way around cars to evade" him.

At the conclusion of the trial, the jury convicted Newcomer of felony fleeing or attempting to elude and no valid driver's license. The trial court sentenced Newcomer to 12 years in prison. This Court affirmed his judgment and sentence. *Newcomer v. State*, 334 So. 3d 624 (Fla. 5th DCA 2022).

Newcomer subsequently filed a rule 3.850 postconviction motion. In that motion, Newcomer alleged that his trial counsel was ineffective for failing to depose and investigate the State's key witness, Officer Feola; failing to investigate video footage; failing to investigate, subpoena, and call an eyewitness; advising Newcomer not to testify; and failing to advise Newcomer to accept a plea offer. The trial court summarily denied each of these claims, and Newcomer now challenges that summary denial.

To state a facially sufficient ineffective assistance of counsel claim, the defendant must allege sufficient facts to establish a prima facie case under the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687.

The standard of review of a summary denial of a rule 3.850 motion is de novo. *Lebron v. State*, 100 So. 3d 132, 133 (Fla. 5th DCA 2012). "To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. Further, where no evidentiary hearing is held below, we must accept the defendant's factual allegations to the extent they are not refuted by the record."

*Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999) (internal citation omitted).

In his first claim, Newcomer alleged counsel was ineffective for failing to investigate and depose Feola. He asserted that the State's entire case hinged on Feola's testimony, and defense counsel's strategy was to hope that the officer would not show up at trial. Newcomer alleged that if counsel had deposed or interviewed Feola, he would have learned that Newcomer and Feola had "an undesirable past history." Specifically, Feola tried to recruit Newcomer to be an informant, but Newcomer declined, thereby angering Feola. Had counsel deposed Feola, he would have learned that Feola targeted Newcomer on the date of the incident to obtain leverage in order to get Newcomer to be an informant.

"[W]hen failure to depose is alleged as part of an ineffective assistance of counsel claim, the appellant must specifically set forth the harm from the alleged omission, identifying 'a specific evidentiary matter to which the failure to depose witnesses would relate.'" *Ferrell v. State*, 29 So. 3d 959, 969 (Fla. 2010) (quoting *Davis v. State*, 928 So. 2d 1089, 1117 (Fla. 2005)).

"[A]lthough defense counsel is entitled to broad deference regarding trial strategy, when the court is confronted with a claim of ineffective assistance, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without an evidentiary hearing." *Hamilton v. State*, 860 So. 2d 1028, 1029 (Fla. 5th DCA 2003). An exception to this general rule occurs when the reasonableness of counsel's strategy is obvious from the record. *See Pomposello v. State*, 940 So. 2d 500, 502 (Fla. 5th DCA 2006); *Jackson v. State*, 975 So. 2d 485, 486 (Fla. 2d DCA 2007).

Newcomer identified a specific evidentiary matter that the deposition of Feola would reveal. He asserted that the deposition would reveal his and Feola's "sour relationship." However, the attached records show counsel's efforts to avoid revealing that relationship so as not to prejudice the defense. Also, the record reflects that even without deposing Feola, counsel was fully aware of the nature of the officer's testimony, because he had the benefit of the arrest affidavit and he effectively and extensively cross-examined the officer on the details of the alleged offenses. While counsel could have deposed Feola to learn the nature of Feola and

Newcomer's prior relationship, it is clear from the record that counsel did not want to disclose that relationship so as not to reveal, or suggest, that Newcomer had a prior criminal record or committed prior bad acts. As counsel's performance was not deficient in this regard, we affirm the denial of Newcomer's first claim.

Also in claim one, Newcomer alleged that counsel should have obtained the dash-cam or body-cam videos, as well as intersection and business camera footage, from the incident. He asserted that contrary to Feola's testimony, there were cameras at the intersection and all Hernando County Sheriff's patrol vehicles had cameras after 2003 that automatically began recording when lights and sirens were activated. He alleged footage would show he did not accelerate or flee from the officer.

The trial court found Newcomer had no evidence to show all Hernando County vehicles had cameras after 2003, and that his claim was speculative. Although the trial court characterized the claim as such, Newcomer affirmatively alleged there were cameras in the patrol cars and at the intersections. His allegations are accepted as true unless conclusively refuted by the record. There is nothing in the record to refute Newcomer's claim that there were traffic cameras, and had counsel investigated those cameras, he would have obtained footage contradicting Feola's testimony about the incident. *See Happel v. State*, 330 So. 3d 122, 123 (Fla. 2d DCA 2021) ("While some of Happel's statements were conclusory, he specifically alleged that the videos existed and would have shown that he did not shoot at the officer. The court was required to accept these assertions as true to the extent that they are not refuted by the record."). Accordingly, we reverse and remand this portion of claim one for attachment of the records conclusively refuting the claim or for the court to hold an evidentiary hearing.

In claim two, Newcomer alleged that counsel was ineffective for failing to call witness Michelle Roberts, the female passenger in his car during the incident. He alleged that prior to trial he told counsel about the female passenger, "Michelle," but Newcomer could not remember her last name, address or phone number. A year later, prior to trial, Michelle contacted Newcomer in the county jail and provided her address. She also reached out to the public defender's office, but they could not supply her with

4

attorney information. Newcomer alleged counsel should have investigated Michelle, because Michelle would have testified that Newcomer did not accelerate at a high rate of speed, and that he did not weave in and out of traffic.

In order to allege failure to investigate or call witnesses, a defendant must allege "the identity of the witnesses, their testimony, that the witnesses were available to testify at the trial, and how this lack of testimony prejudiced the outcome of the verdict." *Rollins v. State*, 997 So. 2d 1288, 1288–89 (Fla. 4th DCA 2009); *Bennett v. State*, 838 So. 2d 633, 634 (Fla. 1st DCA 2003). Counsel cannot be ineffective for failing to call witnesses he knew nothing about. *See Prieto v. State*, 708 So. 2d 647 (Fla. 2d DCA 1998).

The trial court summarily denied this claim, finding that Newcomer failed to allege that he provided Michelle's contact information to counsel prior to trial. The court should have provided Newcomer an opportunity to amend this specific claim. Accordingly, we reverse and remand for the court to do so.

In his third claim, Newcomer alleged counsel was ineffective for advising him not to testify. Newcomer alleged that counsel's advice was that the benefit of Newcomer's testimony did not outweigh the damage the State could do with his prior record. He asserted he would have testified about Feola's prior request for Newcomer to be an informant, Newcomer's rejection of that request, their sour relationship, and that Feola was looking for leverage that day. He also alleged he would have testified that he was not fleeing.

"The first step in determining whether there was ineffective assistance of counsel where defendant claims he would have testified is to determine whether the defendant voluntarily agreed with counsel not to take the stand." *Simon v. State*, 47 So. 3d 883, 885 (Fla. 3d DCA 2010). Once that is established, then the trial court must determine "whether counsel's advice to defendant 'even if voluntarily followed, was nevertheless deficient because no reasonable attorney would have discouraged [defendant] from testifying.'" *Id.* (quoting *Lott v. State*, 931 So. 2d 807, 819 (Fla. 2006)). "Counsel may be ineffective in advising defendant not to testify at trial, where the defendant's testimony would have been

5

the only evidence establishing a legally-recognized defense to the charges." *Tafolla v. State*, 162 So. 3d 1073, 1073 (Fla. 4th DCA 2015).

Newcomer fails to demonstrate that counsel's advice, even if voluntarily followed, was nevertheless deficient because no reasonable attorney would have discouraged Newcomer from testifying. Had Newcomer testified about his prior relationship with Feola, which involved being recruited to be a confidential informant, it would not have provided a defense to the charges. At best it would undermine the credibility of the officer, but it would also affect the credibility of Newcomer, as the jury would be aware he had a criminal history. Counsel's performance was not deficient for advising Newcomer not to testify because the potential prejudice far outweighed the benefit. Accordingly, we affirm the trial court's order denying this portion of claim three.

Finally, also in claim three, Newcomer alleged that once counsel knew Officer Feola was going to testify, counsel should have advised him to take a 3 or 4.25 year plea offer, which he asserted was still on the table. He alleged the court would have accepted the plea and the plea was less than the sentence received.

This claim is not refuted by the record. Newcomer alleged counsel's strategy was to "do nothing," because counsel suspected the officer would not appear for trial and the State would not be able to prove its case. If this is true, there is nothing in the record that explains why counsel did not advise Newcomer to accept the plea when counsel learned the officer was present to testify at trial. There is nothing attached that shows the plea offer had been rescinded or was no longer on the table. Accordingly, as to this portion of claim three, we reverse and remand for attachments of the records or for an evidentiary hearing.

For these reasons, we reverse the summary denial of Newcomer's rule 3.850 motion and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

EDWARDS, C.J., and JAY, J., concur.

6

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____