PER CURIAM.
Appellant Gay appeals the summary dismissal of two claims advanced in a Rule 3.850 motion for postconviction relief. We affirm the summary dismissal of one of the claims, but reverse and remand the other for further proceedings.
Gay first argues he received ineffective assistance when defense counsel withdrew an objection to a special jury instruction. The trial court found the record conclusively showed that withdrawal of the objection constituted reasonable trial strategy. Accordingly, the trial judge summarily dismissed the claim. We agree and affirm the summary dismissal of this claim.
Gay next argues the trial court erred when it summarily dismissed his claim that counsel interfered with his right to testify. The trial judge attached portions of the record that showed Gay affirmatively chose not to testify. Gay claims, however, that counsel misadvised him that the jury would hear the nature of his prior convictions if he took the stand in his own defense. See Gavins v. State, 587 So.2d 487, 489 (Fla. 1st DCA 1991) (“If the defendant admits the number of prior convictions, the prosecutor is not permitted to ask further questions regarding prior convictions, nor question the defendant as to the nature of the crimes. If, however, the defendant denies a conviction, the prosecutor can impeach him by introducing a certified record of the conviction.”); see also Tyler v. State, 793 So.2d 137, 141 (Fla. 2d DCA 2001) (“Where counsel incorrectly informs a defendant regarding the use of prior convictions as impeachment, specifically, that upon testifying the jury will hear the specific nature of the prior convictions, and the defendant shows that because of the misinformation he did not testify, he has satisfied the deficient performance prong of an ineffective assistance of counsel claim.”). In particular, we note Gay’s quite specific assertion in his motion, “Counsel advised Defendant that if he took the stand the jury would automatically learn of the violent details of his prior conviction.” Gay also argues that this deficient performance of counsel prejudiced his defense. See Oisorio v. State, 676 So.2d 1363, 1364-65 (Fla.1996) (“[I]n order to obtain postconviction relief, a defendant claiming his or her right to testify was violated must show that counsel’s performance was deficient and that the deficient performance prejudiced the defense.”). The attached portions of the record do not conclusively rebut this claim. Accordingly, we reverse and remand this matter with instructions to the trial court to either hold an evidentiary hearing or to attach record *725 portions conclusively refuting Gay’s assertion.
AFFIRMED in part, REVERSED and REMANDED in part.
KAHN, C.J., BARFIELD and ALLEN, JJ., concur.