PER CURIAM.
Appellant Robert Loudermilk was convicted of sexual battery, lewd or lascivious molestation, and lewd or lascivious conduct for acts involving his granddaughter; his convictions and sentences were affirmed on direct appeal. Loudermilk v. State, 33 So.3d 779 (Fla. 4th DCA 2010). He subsequently filed a timely motion for post-conviction relief, Fla. R.Crim. P. 3.850, raising two claims of ineffective assistance of trial counsel. We affirm the trial court’s summary denial of the first claim without comment.
However, as to appellant’s contention that trial counsel misadvised him not to testify at trial concerning a work-related alibi defense, we reject the trial court’s conclusion that appellant’s two on-the-record waivers of his right to testify sufficed to justify summary denial of this claim. Our supreme court in Lott v. State, 931 So.2d 807, 819 (Fla.2006), mandates consideration of both the voluntariness of any waiver as well as the reasonableness of counsel’s advice not to testify in judging counsel’s effectiveness once challenged as to the advice. See also Simon v. State, 47 So.3d 883, 886 (Fla. 3d DCA 2010); Hayes v. State, 79 So.3d 230, 231 (Fla. 2d DCA 2012). We have previously recognized misadvice concerning the decision of a criminal defendant whether or not to testify in his own defense as raising a potentially colorable basis for finding ineffective assistance of counsel. Nelson v. State, — So.Sd-(Fla. 4th DCA 2012). In addition, we have found that where the defendant’s proposed testimony was the only evidence establishing a legally-recognized defense to his charges, counsel was deficient in advising silence instead of the defendant testifying as to that defense. Visger v. State, 953 So.2d 741, 744 (Fla. 4th DCA 2007). While appellant’s wife testified that appellant was never alone with the victim during the five-year period alleged in the information, she did not say she was continuously in his presence. As a result, testimony by appellant that he was employed for many hours a day for all but two months of the time period out of which his criminal charges arose had the potential to undermine the weight given by his jury to the victim’s inculpatory testimony, and so counsel’s advice to appellant not to testify was potentially prejudicial to his case.
*961 Accordingly, we affirm the order appealed from as to claim one, but reverse and remand as to claim two with directions to grant appellant an evidentiary hearing.

Affirmed in -part, Reversed in part, and Remanded with directions.

WARNER, POLEN and STEVENSON, JJ., concur.