DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE BRIBIESCA TAFOLLA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1971

[April 15, 2015]

Appeal of an order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502008CF001536A.

Jose Bribiesca Tafolla, Raiford, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Jose Bribiesca Tafolla appeals the trial court's order summarily denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm, without comment, the court's denial of seven of appellant's claims, but reverse the denial as to claim two and remand for further proceedings.

On appeal from a summary denial of a rule 3.850 motion, this Court must reverse "unless the [postconviction] record shows conclusively that the appellant is entitled to no relief." Fla. R. App. P. 9.141(b)(2)(D). The record before us does not conclusively refute claim two, which alleges ineffective assistance in trial counsel's advice regarding appellant's decision not to testify at trial. *See, e.g., Lott v. State,* 931 So. 2d 807, 819 (Fla. 2006); *Loudermilk v. State,* 106 So. 3d 959, 960 (Fla. 4th DCA 2013) (recognizing that *Lott* "mandates consideration of both the voluntariness of any waiver as well as the reasonableness of counsel's advice not to testify"). Counsel may be ineffective in advising defendant not to testify at trial, where the defendant's proposed testimony would have been the only evidence establishing a legally-recognized defense to the charges.

*See, e.g.*, *Loudermilk*, 106 So. 3d at 960 (citing *Visger v. State*, 953 So. 2d 741, 744 (Fla. 4th DCA 2007)).

Appellant was convicted after a jury trial of two counts of driving under the influence causing serious bodily injury. We affirmed the convictions and sentences on direct appeal. *See Bribiesca-Tafolla v. State*, 93 So. 3d 364 (Fla. 4th DCA 2012). A key issue at trial was whether appellant drove the truck that resulted in the victims' serious injury following a multi-car accident. The truck was registered to appellant's wife, and she told police that appellant had left alone driving the truck several hours earlier. Appellant and the truck's other occupant, Raphael Gomez, were ejected as a result of the crash. The occupants of the other two cars involved in the crash did not see who was driving the truck. The police were unable to identify who was driving based on the locations of where appellant and Mr. Gomez were found after the crash. An investigating officer testified that at the hospital, following the issuance of *Miranda* warnings, appellant admitted to driving the truck that caused the crash.

Appellant's defense at trial was that Mr. Gomez drove the truck and that appellant did not admit to driving at the time of the crash, contrary to the officer's testimony. Through claim two, appellant argues that counsel was ineffective in misadvising him about the need for his trial testimony to support his defense and about whether a letter he had written apologizing to the victims could be used against him.

His allegations are facially sufficient to state a *prima facie* claim for ineffective assistance of counsel. Appellant points out that counsel stated in opening that the evidence would show Mr. Gomez drove the truck. Counsel told the jury that Mr. Gomez drove because appellant was tired and wanted to sleep. However, Mr. Gomez did not testify and was not expected to testify at trial. Appellant argues that without testimony explaining how and why Mr. Gomez was driving, there was no evidentiary support for his theory of defense. Appellant notes that in closing, the state asked the jury whether appellant had furnished the promised testimony. Appellant's motion details the testimony he would have furnished. He also contends that his testimony was needed to explain the circumstances surrounding his admissions to police.

Appellant's claim regarding the need for his testimony to support the only defense argued at trial is not refuted by the record. On remand, the trial court may either attach additional portions of the record, if any, refuting appellant's allegations or hold an evidentiary hearing on this claim.

*Affirmed in part, Reversed in part, and Remanded with directions.*

DAMOORGIAN, C.J., GROSS and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**