IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DOMINIQUE KAREAL HILL,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4489

Opinion filed October 5, 2017.

An appeal from the Circuit Court for Santa Rosa County.
John F. Simon, Judge.

Kim Anthony Skievaski, Pensacola, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      The appellant challenges the dismissal of his postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's

denial of ground two without comment. With regard to ground one, we reverse and remand.

The appellant was convicted after a jury trial of first-degree murder and armed robbery and sentenced to consecutive life sentences. In ground one of his rule 3.850 motion, he argued that his attorney misadvised him as to the consequences of testifying at trial. The trial court dismissed this claim with prejudice on the basis that it remained facially insufficient after an opportunity to amend, as the appellant had failed to properly allege prejudice.

In the appellant's motion, he alleged that his testimony would have provided an innocent explanation for the presence of his DNA on the firearm used in the offenses. He asserted that this testimony could have explained and minimized the only objective evidence that established his guilt, leaving the state to rely on the testimony of codefendants who were testifying pursuant to plea deals and an eyewitness who identified one of his codefendants as the shooter. He claimed that absent his testimony, there was no chance for his defense to succeed, and there is a reasonable probability that but for counsel's error, the result of the proceedings would have been different. This was sufficient to allege prejudice, and therefore the trial court erred in dismissing this claim as facially insufficient. See Tafolla v. State, 162 So. 3d 1073, 1074 (Fla. 4th DCA 2015); Nelson v. State, 126 So. 3d 1195, 1996-97 (Fla. 4th DCA 2012). Under these circumstances, the trial court's

2

order of dismissal is reversed with regard to this claim and remanded with instructions for the trial court to either attach documents that conclusively refute the claim or conduct an evidentiary hearing. See Gay v. State, 936 So. 2d 723, 724-25 (Fla. 1st DCA 2006).

AFFIRMED in part, and REVERSED and REMANDED in part for further proceedings consistent with this opinion.

ROBERTS, WETHERELL, and ROWE, JJ., CONCUR.