HARRIS, J.
Derrick Williams appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, challenging four of his sixteen summarily denied claims. We affirm, without comment, the postconviction court's denial of counts one and six, but reverse the denial as to counts two and three and remand for the court to either attach additional portions of the record refuting Williams's allegations or hold an evidentiary hearing on these claims.
After a jury trial, Williams was convicted of first-degree murder with a firearm and sentenced to life imprisonment. This Court per curiam affirmed his conviction and sentence. Williams v. State, 109 So. 3d 1173, 2013 WL 646054 (Fla. 5th DCA 2013). Williams subsequently filed a rule 3.850 motion.
In ground two of his rule 3.850 motion, Williams alleged that his trial counsel failed to advise him that he had an absolute right to testify on his own behalf and instead, told him that it was not in his best interest to do so. Williams argued that it was necessary for him to testify to assert the "independent act defense," alleging that he would have told the jury he believed that he and co-defendant were going to confront the victim and "fist fight him if necessary," and that he had no idea that the co-defendant had a gun or that he intended "to do anything more than fight."
As the postconviction court noted, the independent act defense applies to situations in which, after participating in a common plan or design to commit a crime, a co-defendants embarks on acts not contemplated by the other defendants or participants in the crime and commits additional criminal acts beyond the scope of the original collaboration. See Williams v. State, 34 So.3d 768 (Fla. 2d DCA 2010) ; Barfield v. State, 762 So.2d 564, 566 (Fla. 5th DCA 2000). The postconviction court found that Williams told the investigating detective that he had never been to the location where the murder occurred and that he did not know the victim. This assertion, the court concluded, was far different from the testimony needed to support an independent act instruction, which would have required Williams to testify that he was present at the scene and would thus have resulted in Williams being impeached. Based on this conclusion, the court found that there was no reasonable probability that Williams's testimony would have led to a viable independent act defense and denied relief on ground two. Williams argues that if he were to testify, he could have explained his reason for being dishonest with law enforcement.
The first step in determining whether there was ineffective assistance of counsel *994 where defendant claims he would have testified is to determine whether the defendant voluntarily agreed with counsel not to take the stand. [ Lott v. State, 931 So.2d 807, 819 (Fla. 2006) ]. If that is established, then the trial court must answer the separate and second question which is whether counsel's advice to defendant "even if voluntarily followed, was nevertheless deficient because no reasonable attorney would have discouraged [defendant] from testifying." Id.
Simon v. State, 47 So.3d 883, 885 (Fla. 3d DCA 2010). Here, Williams voluntarily agreed with counsel's recommendation not to take the stand and it is clear from the record that Williams understood he had the choice to remain silent or testify.
The separate question we must consider is whether counsel's advice to Williams, even if voluntarily followed, was nevertheless deficient because no reasonable attorney would have discouraged Williams from testifying. The trial court only cites one example of why it would be reasonable for counsel to discourage Williams from testifying-that he would have been impeached. The court nonetheless agreed that Williams's testimony would have established that he and co-defendant intended to fight the victim but that co-defendant pulled out a rifle and shot the victim-the exact scenario needed to support an independent act defense instruction. The State's version of the facts was that Williams and his co-defendant were fighting with the victim when co-defendant reached for a gun underneath the front seat of his car. Therefore, it appears that Williams's testimony would have supported the request for the jury instruction. "Counsel may be ineffective in advising defendant not to testify at trial, where the defendant's proposed testimony would have been the only evidence establishing a legally-recognized defense to the charges." Tafolla v. State, 162 So.3d 1073, 1073 (Fla. 4th DCA 2015) (holding defendant's allegation that counsel misadvised him about need for his trial testimony, in prosecution for driving under the influence, to support his defense theory that he was not the driver of vehicle involved in traffic collision was sufficient to state a prima facie claim for ineffective assistance of counsel).
Like in Tafolla, Williams was the only witness that could testify as to his intent to fight and whether it was reasonably foreseeable that the co-defendant would shoot and kill the victim. Similar to Tafolla, there were no witnesses who actually saw who shot the victim, and Williams would have denied shooting the victim. Williams argues that he would have explained why he lied to law enforcement and ultimately, it was up to the jury to weigh the credibility of his testimony. Thus, accepting Williams's factual allegations as true, the record provided does not conclusively refute that counsel's failure to advise Williams of his absolute right to testify would not have resulted in a different outcome. See Hill v. State, 226 So.3d 1085, 1086 (Fla. 1st DCA 2017) (holding that appellant raised a facially sufficient claim that, absent his testimony, there was no chance for his defense to succeed, and there was a reasonable probability that but for counsel's error, the results of the proceeding would have been different).
In ground three of his rule 3.850 motion, Williams raised a related argument that his trial counsel failed to put on a defense or present any evidence to support his request for the independent act jury instruction. The postconviction court similarly held that this claim lacked merit for the same reasons provided in the ruling on ground two.
On appeal, Williams concedes that his trial counsel argued in closing argument that Williams only intended to confront the *995 victim and was not aware that co-defendant had a rifle. However, Williams asserts that had his counsel not misadvised him of his right to testify, his testimony, in conjunction with his counsel's argument, would have required the court to give the independent act jury instruction.
Williams reasons that his testimony was necessary for an independent act jury instruction, and that his trial counsel was aware of what Williams's testimony would have been. Although Williams's trial counsel requested and argued for the independent act jury instruction, the court determined that there was no evidence of a common plan between Williams and the co-defendant and refused to give the instruction. Williams's trial counsel advised Williams not to testify when Williams's testimony would have been the only testimony to support an independent act jury instruction. Thus, counsel failed to put forth adequate evidence to support the independent act jury instruction. Williams raised a facially sufficient claim that, absent his testimony, there was no chance for his defense to succeed, and there was a reasonable probability that but for counsel's error, the results of the proceeding would have been different. See Hill, 226 So.3d at 1086. The records attached by the postconviction court do not conclusively refute Williams's claim.
For the foregoing reasons, we affirm the denial of counts one and six of Williams's postconviction motion but reverse the denial of counts two and three. On remand, the court may either attach additional portions of the record, if any, refuting Williams's allegations or hold an evidentiary hearing on these claims.
BERGER and LAMBERT, JJ., concur.