# Third District Court of Appeal

## State of Florida

Opinion filed May 21, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1120
Lower Tribunal No. F14-12941
_____

**Robert Velazco,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Robert Velazco, in proper person.

James Uthmeier, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellee.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Robert Velazco, appeals from a trial court order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Velazco raised three claims in his motion. Relying upon the carefully reasoned order under review and accompanying attachments, we affirm the denial of the first and third claim without further elaboration, see Mann v. State, 770 So. 2d 1158, 1163 (Fla. 2000) ("Mann's final subclaim in this issue . . . is procedurally barred because it was decided adversely to Mann on direct appeal and is now being recast as a claim of ineffective assistance."); Cherry v. State, 659 So. 2d 1069, 1072 (Fla. 1995) ("We have consistently recognized that allegations of ineffective assistance cannot be used to circumvent the rule that [postconviction] proceedings cannot serve as a second appeal.") (internal alteration and quotation marks omitted), but consistent with decisions from our sister courts, we are constrained to reverse the denial of the second claim with instructions for the trial court to either attach documents that conclusively refute the claim or conduct an evidentiary hearing, see Harrell v. State, 338 So. 3d 415, 421 (Fla. 5th DCA 2022) (remanding claim that the defendant "was misled into believing that the State could inquire into the specifics of his prior felony convictions and that, but for this, he would have testified at trial in a manner that materially differed from the version of events testified to by the victim");

2

Gay v. State, 936 So. 2d 723, 724 (Fla. 1st DCA 2006) (remanding for an evidentiary hearing where defendant claimed "that counsel misadvised him that the jury would hear the nature of his prior convictions if he took the stand in his own defense"); Hill v. State, 226 So. 3d 1085, 1086 (Fla. 1st DCA 2017) (remanding where defendant "argued that his attorney misadvised him as to the consequences of testifying at trial").

Affirmed in part; reversed in part; remanded.