# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0923
Lower Tribunal No. F14-8780
_____

**Jeff Scott,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Zachary N. James, Judge.

Michael Ufferman Law Firm, P.A., and Michael Ufferman (Tallahassee), for appellant.

James Uthmeier, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.

Before FERNANDEZ, MILLER and GOODEN, JJ.

GOODEN, J.

Appellant Jeff Scott appeals the denial of his post-conviction motion alleging ineffective assistance of counsel. Because we find that Scott did not meet the requirements set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), we affirm.

**I.**

In 2014, Scott was charged with three counts of sexual activity with a child by a person in familial or custodian authority. He was accused of engaging in these acts with his sixteen-year-old stepdaughter. The case proceeded to trial. The State presented numerous witnesses. Scott's counsel thoroughly cross-examined each witness, attempting to show inconsistencies and gaps in their testimony.[1]

Scott's wife—the victim's mother—testified. She explained that Scott told her that none of the allegations were true, that she was still married to him, and Scott was generally not alone with the children. She also described her daughter's change in behavior at a certain age, and that her daughter

---

[1] While attacking the credibility of each witness, counsel's theme in closing argument was these inconsistencies and gaps. He argued that it showed the allegations were fabricated and were lies. Since the defense's closing argument was omitted from our record on appeal, we take judicial notice of our own court records in Case No. 3D15-2882, which contain the full transcript of the underlying trial. <u>See</u> <u>Buckley v. City of Miami Beach</u>, 559 So. 2d 310, 313 n.1 (Fla. 3d DCA 1990) ("The appellate court can take judicial notice of its own files.").

did not follow their household rules and was skipping school. The couple prohibited the daughter from seeing a certain boy, who was older and with whom she had a physical altercation.

After the State rested its case, Scott's counsel announced that he had not discussed with Scott whether he planned to testify. The trial court recessed so he could do so. Upon returning, counsel affirmed that Scott would testify. Counsel inquired about the timing and advised that Scott requested to testify the next day. There was no objection to this request.

But the next witness' testimony took less time than anticipated. Due to the time remaining in the day, the trial court explained that Scott should testify at that point. At the request of counsel, the trial court again recessed for counsel to speak with Scott. Upon return, counsel rested the defense's case.

The trial court extensively colloquied Scott, asking several times whether he understood that he had a right to testify, whether it was his decision not to testify, and whether he needed more time to consider and discuss with his counsel. Even though Scott repeatedly confirmed that it was his decision not to testify, counsel requested another five-minute recess to keep discussing the issue with Scott. After this third recess, counsel stated

that Scott would not be testifying, and Scott was colloquied once again. Throughout, Scott affirmed that it was his decision not to testify.

The jury convicted Scott on all three charges.[2] Scott was sentenced to fifty years in prison. We affirmed his conviction and sentence on direct appeal. See Scott v. State, 218 So. 3d 476, 481 (Fla. 3d DCA 2017).

In 2019, Scott filed a Rule 3.850 motion asserting ineffective assistance of trial counsel. He maintained that his trial attorney rendered ineffective assistance by advising him not to testify at trial. The trial court summarily denied the motion.

Scott appealed to this Court. While there was "ample evidence" that Scott's decision not to testify was "voluntary," the records attached to the order did not conclusively disprove the allegation that "no reasonable attorney would have discouraged Appellant from testifying." As a result, we reversed and remanded for an evidentiary hearing. See Scott v. State, 343 So. 3d 195, 195 (Fla. 3d DCA 2022).

---

[2] After the verdict was announced, Scott addressed the Court. Scott stressed that all the evidence that could have exonerated him was excluded. This included text messages and social media posts showing his step-daughter was sexually abused by her boyfriend and forced to do drugs. He did not point to his own testimony as evidence that would have exonerated him. Scott also did not raise the exclusion of this evidence on direct appeal.

4

On remand, the trial court held the evidentiary hearing. Two witnesses testified—Scott and a board certified criminal defense attorney. Scott's trial counsel died before post-conviction proceedings were launched.

Scott described what his testimony would have been if he had testified. He would have elaborated on his step-daughter's motive for making the allegations, which he maintains were fabricated. Next, Scott explained that he did want to testify, but followed his attorney's advice. Scott then asserted that he did not talk with his counsel about testifying, but claimed that counsel's body language sent the message not to testify. Scott also claimed that counsel told his wife that he would not represent Scott unless he kept his "mouth shut and not testify."

The board certified criminal defense lawyer reviewed the transcripts, briefs, and motions, but never spoke to Scott. Based on his review, he would have recommended that Scott testify because there was no physical evidence, no eyewitnesses, or incriminating statements made by Scott. But he explained that for many reasons an attorney might recommend against their client testifying. These include the client confessing the crime to the attorney, the client making a bad witness, inconsistencies in testimony, the state's witnesses being sufficiently cross-examined, or the client being easy to provoke to anger, among others. This attorney conceded that he does not

5

know what happened off the record and that much of Scott's would-be trial testimony was inadmissible.

The trial court denied the motion. In its detailed order, the trial court set forth findings of fact and credibility determinations. Specifically, it found that several parts of Scott's testimony were not credible. It found that Scott's testimony was not consistent with his counsel's actions at trial—which show he had no issue with Scott testifying at trial. Ultimately, it found that Scott failed to demonstrate no other attorney would have advised Scott as his counsel did. Therefore, Scott failed to prove deficient performance. Because of this, the trial court did not rule on the second prong of the Strickland test. Scott timely appealed.

## II.

To be entitled to post-conviction relief for ineffective assistance of counsel, a defendant must demonstrate that his trial attorney's performance was deficient and that this prejudiced his defense, thereby depriving him of a fair trial. Strickland, 466 U.S. at 687. The deficiency prong requires the defendant to establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to

6

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Evans v. State, 975 So. 2d 1035, 1043 (Fla. 2007). There is a strong presumption that counsel's conduct falls within reasonable professional standards and was trial strategy. Strickland, 466 U.S. at 689. See also Occhicone v. State, 768 So. 2d 1037, 1048 (Fla. 2000) ("Moreover, strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct.").

A criminal defendant has the fundamental right to choose between remaining silent and testifying on his own behalf. See Harris v. New York, 401 U.S. 222, 225 (1971) ("Every criminal defendant is privileged to testify in his own defense, or to refuse to do so."); R. Regulating Fla. Bar 4-1.2(a) ("In a criminal case, the lawyer must abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial, and whether the client will testify."). When a defendant claims counsel interfered with this right, we consider whether the defendant voluntarily agreed not to testify; and if so, whether counsel's advice was nevertheless deficient because no reasonable counsel would have given that advice. Lott v. State, 931 So. 2d 807, 819 (Fla. 2006). See United States v. Teague, 953

7

F.2d 1525, 1534 (11th Cir. 1992) (providing examples of deficient performance).

Yet even on these types of claims, the defendant must still prove prejudice. Oisorio v. State, 676 So. 2d 1363, 1365 (Fla. 1996). The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A defendant must do more than speculate that an error affected the outcome. Id. at 693.

"Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687. For instance, "[a] court considering a claim of ineffectiveness of counsel need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied." Maxwell v. Wainwright, 490 So. 2d 927, 932 (Fla. 1986). And vice versa.

Because claims of ineffective assistance of counsel present questions of both law and fact, we apply a mixed standard of review. Sochor v. State, 883 So. 2d 766, 771 (Fla. 2004). "We review de novo the postconviction court's rulings on the Strickland performance and prejudice prongs, but defer to that court's findings of fact as long as such findings are supported by competent, substantial evidence in the record." Johnson v. State, 104 So. 3d 1010, 1022 (Fla. 2012). Competent, substantial evidence, is "such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred." De Groot v. Sheffield, 95 So. 2d 912, 916 (Fla. 1957). "[T]his court is not entitled to substitute its judgment for that of the trial court on questions of fact, likewise of the credibility of the witnesses as well as the weight to be given to the evidence by the trial court." Goldfarb v. Robertson, 82 So. 2d 504, 506 (Fla. 1955).

With these principles in mind, we turn to this case. Scott maintains that no reasonable attorney would have discouraged him from testifying in this he said/she said case.[3] He focuses on the fact he was convicted without providing his side of the story. Yet the mere fact that Scott did not prevail at a trial of this nature does not mean his attorney misadvised or his

---

[3] For purposes of this appeal, we assume that counsel recommended to Scott that he not testify.

performance was deficient. The presumption that this was within reasonable professional norms and sound trial strategy is a higher hurdle. Strickland, 466 U.S. at 689.

There are numerous reasons why a defense lawyer would recommend his client not to testify. While we are without the benefit of counsel's testimony, we can glean from the record some of those reasons. For instance, Scott's trial testimony would have elaborated as to his step-daughter's motives for making these claims against him. But much of this proposed testimony would have been inadmissible. See, e.g., § 90.403, Fla. Stat. (2015); § 90.5035(2), Fla. Stat. (2015); § 90.801(1)(c), Fla. Stat. (2015); § 90.802, Fla. Stat. (2015); § 90.805, Fla. Stat. (2015). Certainly "[t]rial counsel cannot be deemed ineffective for failing to present inadmissible evidence." Owen v. State, 986 So. 2d 534, 546 (Fla. 2008).

There could have been other valid strategic reasons for his recommendation—including counsel believing he adequately cross-examined the other witnesses to discredit their testimony and credibility. Based on the cross-examinations and closing argument, it appears that this was the focus of counsel. It is also possible that counsel had other reasons which are not evident from the record. In any event, "[t]he standard is not how present counsel would have proceeded, in hindsight . . . ." Cherry v.

10

<u>State</u>, 659 So. 2d 1069, 1073 (Fla. 1995).  <u>Accord</u> <u>Occhicone</u>, 768 So. 2d at 1048 ("Counsel cannot be deemed ineffective merely because current counsel disagrees with trial counsel's strategic decisions."); <u>Rivera v. Dugger</u>, 629 So. 2d 105, 107 (Fla. 1993) ("The fact that postconviction counsel would have handled an issue or examined a witness differently does not mean that the methods employed by trial counsel were inadequate or prejudicial.").

Plus, the topics and some of the substance that Scott wished to testify came in through other witnesses.  In other words, Scott was not the only source of this evidence.  His theory of defense was adequately before the jury.  <u>Cf.</u> <u>Tafolla v. State</u>, 162 So. 3d 1073, 1073 (Fla. 4th DCA 2015) ("Counsel may be ineffective in advising defendant not to testify at trial, where the defendant's proposed testimony would have been the only evidence establishing a legally-recognized defense to the charges."); <u>Loudermilk v. State</u>, 106 So. 3d 959, 960 (Fla. 4th DCA 2013) ("In addition, we have found that where the defendant's proposed testimony was the only evidence establishing a legally-recognized defense to his charges, counsel was deficient in advising silence instead of the defendant testifying as to that defense."); <u>Visger v. State</u>, 953 So. 2d 741, 744 (Fla. 4th DCA 2007) ("Counsel failed to appreciate the fact that there was no evidence to support

11

the defense theory that appellant was invited in when he advised appellant not to testify.").

What is more, the trial court found Scott's testimony not credible in many ways. Counsel's and Scott's actions at trial directly contradict Scott's testimony at the evidentiary hearing. See generally McClenney v. State, 351 So. 3d 649, 652 (Fla. 3d DCA 2022) ("[D]efendant is bound by the answers he gives under oath when responding to the court's questions."). His story about his interactions with counsel and counsel's threat was not plausible. The record shows that counsel had no issue with Scott testifying given that he had initially announced that Scott would testify. Scott simply wanted to do so the next day. When that timing changed, so did Scott's decision to testify. Counsel repeatedly sought to discuss the issue with Scott. This is supported by competent, substantial evidence.

Above all, this is not a case where counsel refused to comply with a defendant's wishes, where defendant was unaware of his right to testify, or even where defendant's testimony was the only evidence of the defense. We are not convinced that counsel was acting outside the range of professional norms. Equally, we are not convinced that the *only* reasonable trial strategy was for Scott to testify. In the end, Scott has not established that no reasonable attorney would have discouraged him from testifying.

12

Accordingly, we conclude that Scott failed to demonstrate deficient performance under <u>Strickland</u>.

Even if counsel's actions were deficient, we conclude that Scott has not met the prejudice prong. Mere legal conclusions and speculation are not enough to show prejudice. Scott has not established, "but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. Scott has provided nothing to undermine our confidence of the conviction and sentence imposed in this case. He is not entitled to relief.

Affirmed.